711 So.2d 241 (1998)
Salim Kamau LATIIF, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2992.
District Court of Appeal of Florida, Fifth District.
May 29, 1998.
James B. Gibson, Public Defender, and M. A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Salim Kamau Latiif (defendant) appeals his sentences which were imposed by the trial court after he pled guilty to the charges of possession of cocaine with intent to sell and possession of drug paraphernalia.[1] The defendant argues the trial court erred in calculating his prior record score in completing his sentencing guideline scoresheet. We affirm because this issue was not preserved for appellate review.
At the sentencing hearing, defense counsel advised the trial court that the defendant claimed that his prior record, which included convictions for battery on a law enforcement officer and criminal mischief, was erroneously scored on the guideline scoresheet. However, after bringing the matter to the court's attention, defense counsel abandoned his objection stating that "[i]f either of those offenses... were deleted, the points, I think, would only be 2.6 points. I don't know if it would have any significant effect on the ultimate sentence."
Subsections 924.051(3) and (4), Florida Statutes (Supp.1996), and amended Florida Rule of Criminal Procedure 3.800(b) provide that a defendant who pleads guilty without expressly reserving his or her right to appeal the sentence either by raising the issue at the sentencing hearing, or by filing a motion to correct sentence within thirty days after the rendition of the sentence has failed to preserve the issue for purposes of appeal. *242 See Saldana v. State, 698 So.2d 338 (Fla. 5th DCA 1997). An issue is preserved for appellate review when "the issue has been presented to, and ruled on by the trial court." Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998). Here, although the defense counsel refuted the calculations contained in the defendant's guideline scoresheet, the scoring issue was abandoned before the trial court had an opportunity to rule upon it. As a result, this claim of error cannot be raised on direct appeal. See also Rodriguez v. State, 650 So.2d 1111, 1112 (Fla. 2d DCA 1995), rev. denied, 699 So.2d 1375 (Fla.1997).
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] §§ 893.13(1)(a)1; 893.147(1), Fla. Stat. (1995).