766 So.2d 1083 (2000)
Rashan N. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1100.
District Court of Appeal of Florida, Fourth District.
July 19, 2000.
*1084 Rashan N. Jones, Cocoa, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the trial court's summary denial, without record attachments, of Appellant's motion for post-conviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure.
The first ground raised a double jeopardy argument. Appellant contended he was erroneously convicted and sentenced for both robbery with a firearm and aggravated assault relating to the use of the same firearm, both acts arising from a single crime. In denying this ground, the trial court made reference to the charging document and explained that there were two different victims for the two different offenses; however, the trial court did not attach a copy of the charging document to the order of denial. When the denial of a rule 3.850 motion is not based on the legal insufficiency of the motion, the trial court must attach the portions of the files and records showing conclusively that the movant is not entitled to relief. See Fla. R.Crim. P. 3.850(d); Debose v. State, 580 So.2d 638 (Fla. 5th DCA 1991).
In his second ground, Appellant contended he was illegally sentenced pursuant to the 1995 sentencing guidelines for an offense committed on May 23, 1997. See Heggs v. State, 759 So.2d 620 (Fla. 2000), (holding that chapter 95-184, enacting the 1995 sentencing guidelines, violated the single subject rule contained in article III, section 6 of the Florida Constitution). The trial court denied the motion based on Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999) (determining who has standing to challenge a violent career criminal sentence, enacted by chapter 95-182, Laws of Florida, on the basis of violation of the single subject requirement), quashed, 758 So.2d 667 (Fla.2000), which this court applied to challenges under Heggs in Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999), abrogated by Trapp v. State, 760 So.2d 924 (Fla.2000). In view of the supreme court's decision in Trapp (holding that those persons with standing to challenge their sentences under Heggs were those whose offenses were committed on or after October 1, 1996, and before May 24, 1997), a copy of which the state has supplied as supplemental authority, it appears that Appellant falls within the class of those persons with standing to raise the challenge. Whether, as the state contends, Appellant is precluded from relief under Heggs because the sentence Appellant received pursuant to his negotiated plea is within the 1994 sentencing guidelines, or whether Appellant's plea was involuntarily induced by reference to the illegal guidelines, is an issue for the trial court to determine in the first instance.
Accordingly, the order denying Appellant's motion is reversed and remanded either for an evidentiary hearing or the attachment of portions of the record that conclusively show that the Appellant is entitled to no relief.
WARNER, C.J., GUNTHER and TAYLOR, JJ., concur.