771 So.2d 1206 (2000)
Daniel J. BUCKINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3722.
District Court of Appeal of Florida, Second District.
October 18, 2000.
*1207 Daniel J. Buckingham, pro se.
Robert A. Butterworth, Attorney General, Tallahassee and Patricia A. McCarthy, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges the trial court's denial of his postconviction petition following an evidentiary hearing. He contends that the trial court should have granted his petition on the grounds of ineffectiveness of trial counsel and that his plea was involuntary due to the improper calculation of his scoresheet. We find no merit in appellant's ineffectiveness of trial counsel argument, but vacate appellant's sentence and remand for recalculation of appellant's scoresheet, and for resentencing, or withdrawal of appellant's plea at trial, if necessary, under Heggs v. State, 759 So.2d 620 (Fla.2000).
Following an evidentiary hearing, the trial court concluded that appellant was not entitled to relief for ineffectiveness of counsel., but was entitled to resentencing under a recalculated scoresheet. The State conceded that the scoresheet had been improperly calculated. Therefore, although appellant had pleaded to a bottom of the guidelines sentence, which the parties incorrectly believed to be 128.85 months, the trial court granted that portion of appellant's postconviction petition requesting a recalculation of his scoresheet and directed that appellant's scoresheet be recalculated to reflect a sentence of 117.6 months.
*1208 Appellant first contends that the trial court erred in denying his postconviction petition on the basis of ineffectiveness of trial counsel. We find no merit in this argument because the trial court's determination on this issue is supported by competent, substantial evidence. See Stephens v. State, 748 So.2d 1028 (Fla.1999).
Appellant contends that his trial counsel was ineffective because he advised appellant that he would receive a suspended sentence and two years' community control, followed by ten years' probation. Trial counsel also allegedly advised appellant that his plea agreement to 128.85 months' imprisonment was merely a recommendation that counsel would attempt to overcome by moving for a departure sentence. At sentencing, appellant did not receive the suspended sentence he had expected to receive, but was sentenced to the 128.85 months to which he pleaded.
In denying appellant's request to withdraw his plea on this ground, the trial court attached the transcripts of the April 25, 1997, sentencing hearing and the June 8, 1998, evidentiary hearing on the postconviction petition. At the June 8, 1998, hearing, trial counsel denied telling appellant that he would receive a departure sentence. Rather, he stated that he told appellant he would argue for a departure sentence. The April 25, 1997, transcript of the sentencing hearing confirms that trial counsel did make such an argument. Moreover, at the June 8, 1998, postconviction hearing, trial counsel testified unequivocally that: (1) appellant did not tell him he did not want to sign the plea agreement; (2) counsel did not force appellant to enter his plea; (3) counsel did not advise appellant not to worry about the sentence; and (4) counsel did not promise appellant anything other than a low guidelines sentence. Appellant's signed plea form reveals that he agreed to the preprinted statement on the form saying that he had not been offered any other promises. Moreover, the change of plea hearing reflects that appellant pleaded to a bottom of the guidelines sentence, which was 128.85 months. It also shows that when appellant was asked if any other promises had been made to him, he said, "not yet." When asked if he was satisfied with his attorney, he replied, "I believe I am, your Honor."
Pursuant to the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), two-prong test for ineffectiveness, counsel's performance must first be defective and, second, it must have prejudiced the defendant. Both prongs are mixed questions of law and fact. See Stephens, 748 So.2d at 1033.
The above record facts provide competent, substantial evidence to support the trial court's determination that trial counsel's representation of appellant was not defective. Accordingly, we need not reach Strickland's prejudice prong. There is no merit to this argument.
However, turning to appellant's second issue, we conclude that, in view of the Florida supreme court's recent decision in Heggs, appellant's plea and/or sentence must be reconsidered. In Heggs, the supreme court declared chapter 95-184, Laws of Florida an unconstitutional violation of the single subject rule. Consequently, those defendants whose offenses occurred between the October 1, 1995, through May 24, 1997, window period and who were sentenced under the 1995 sentencing guidelines as amended by chapter 95-184 must be resentenced under the 1994 sentencing guidelines if their sentence was "adversely affected" by the guidelines as amended by chapter 95-184.
Appellant, whose offense date fell within the window period, entered a negotiated plea to a "bottom of the guidelines" term of imprisonment, which the parties under the 1995 amendment incorrectly believed at the time to be 128.5 months. Appellant states that under the 1994 guidelines, a minimum guidelines sentence would be 98.4 months, a reduction of 19.2 months from the 117.6-month term imposed as a *1209 minimum 1995 guidelines sentence after appellant's scoresheet was corrected. The State concedes that appellant's 1994 guidelines calculations are correct. Given the fact that appellant's minimum incarcerative term would be reduced by 19.2 months under the 1994 guidelines, it appears that appellant's sentence was adversely affected if appellant's plea was, in fact, to a "bottom of the guidelines" sentence. We therefore vacate appellant's sentence of 117.6 months. On remand, since appellant's sentence was the result of a negotiated plea, the State shall have the option of agreeing to a bottom of the guidelines sentence under the 1994 guidelines, or withdrawing from the plea bargain and taking appellant to trial. See Gibson v. State, 772 So.2d 35 (Fla. 2d DCA 2000); Spacco v. State, 762 So.2d 597 (Fla. 5th DCA 2000).
Sentence vacated; remanded with directions.
SALCINES, J., Concurs.
PARKER, J., Concurs specially.
PARKER, Judge, Concurring.
I agree with the majority that the sentence must be vacated. I write separately because I conclude that the only possible basis for relief is Buckingham's challenge to the voluntary and intelligent nature of his plea.
Buckingham agreed to a bottom-of-the-guidelines sentence calculated using the 1995 guidelines, which the supreme court subsequently declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000). Because Buckingham's sentence would have been within the 1994 guidelines, I conclude that he is not entitled to relief under Heggs. Id. at 627 ("[I]n the sentencing guidelines context, we determine that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here."). I disagree with the majority's bare assertion that defendants are entitled to resentencing under the 1994 sentencing guidelines if their sentence was "adversely affected" by the amendments to the 1994 guidelines. However, I concur in the result because Buckingham is entitled to resentencing based on his challenge to the voluntariness of his plea. See Kleppinger v. State, 760 So.2d 1045, 1046 (Fla. 2d DCA 2000).