777 So.2d 1168 (2001)
Tammy M. VAREIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2947.
District Court of Appeal of Florida, Third District.
February 14, 2001.
Tammy M. Vareia, in proper person.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before LEVY, GODERICH, and RAMIREZ, JJ.

ON MOTION FOR CLARIFICATION
PER CURIAM.
The State's Motion for Clarification is granted, the original opinion in this case, filed on December 20, 2000, is vacated, and the following opinion is substituted therefor.
Vareia appeals the trial court's summary denial of her petition for postconviction relief in which she challenges her sentence under Heggs v. State, 759 So.2d 620 (Fla. 2000). The State agrees with Vareia that the trial court's order should be reversed and remanded so that the trial court may determine whether Vareia entered a negotiated plea to an exact sentence or to an indefinite sentence pursuant to guidelines which were declared unconstitutional in Heggs. In the case of an exact sentence, Vareia would have no grounds to complain. If she pled to an indefinite sentence and the sentence exceeds the 1994 guidelines, Vareia's sentence should be vacated and her guidelines scoresheet recalculated. In *1169 the latter case, the State on remand shall have the option of agreeing to a guidelines sentence under the 1994 guidelines, or withdrawing from the plea bargain and taking Vareia to trial. See Buckingham v. State, 771 So.2d 1206 (Fla. 2d DCA 2000); Gibson v. State, 772 So.2d 35 (Fla. 2d DCA 2000); Spacco v. State, 762 So.2d 597 (Fla. 5th DCA 2000).
Reversed and remanded.