781 So.2d 447 (2001)
Rashan JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3043.
District Court of Appeal of Florida, Fourth District.
February 28, 2001.
*448 Rashan Jones, Avon Park, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Rashan Jones, appeals from an order summarily denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, entered after this court reversed a prior denial of the same motion in an opinion issued on July 19, 2000. See Jones v. State, 766 So.2d 1083 (Fla. 4th DCA 2000). We affirm in part and reverse in part.
We agree that the charging document attached to the second order of denial conclusively refuted appellant's first ground for relief and as to that ground, we affirm without further discussion.
Appellant's second ground for relief sought resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000) (sustaining a constitutional challenge based on the single subject rule to the 1995 sentencing guidelines, enacted by Chapter 95-184). Appellant alleged in his motion that he was sentenced to the bottom of the guidelines in accordance with his plea agreement. In the order now on appeal, the trial court denied this ground for relief, based on the fact that appellant was sentenced to a term of years pursuant to his legitimate, uncoerced plea bargain, which would still have been permissible under the 1994 guidelines. However, no portions of the record were attached in support of this portion of the order to refute appellant's allegations that his plea was for a bottom of the guidelines sentence.
If appellant entered a negotiated plea agreement which was not conditioned upon the imposition of a sentence within a specific guideline range, improper scoring of appellant's scoresheet would not render his plea illegal unless the sentence exceeds the statutory maximum. See Dunenas v. Moore, 762 So.2d 1007, 1008 (Fla. 3d DCA 2000). However, if his plea were conditioned on receiving a sentence calculated with reference to the guidelines, and his sentence exceeds the 1994 guidelines range, then he would be entitled to relief under Heggs. The state would then have the option of proceeding to trial on the original charges or having appellant resentenced under the 1994 sentencing guidelines. See Vareia v. State, 777 So.2d 1168 (Fla. 3d DCA 2001); Buckingham v. State, 771 So.2d 1206, 1209 (Fla. 2d DCA 2000); Bonilla v. State, 766 So.2d 1192, 1194 (Fla. 5th DCA 2000) (reversing motion to correct illegal sentence for determination of whether plea agreement was conditioned on sentencing guidelines, as neither copy of written plea agreement nor transcript of plea colloquy was attached to order of denial). See also Jenkins v. State, 771 So.2d 37, 38 (Fla. 4th DCA 2000) (holding that an allegation that plea was pursuant to negotiated agreement to receive midguidelines sentence as habitual offender *449 should be raised in rule 3.850 motion and opining that movant should have two years from issuance of Heggs in which to file).
Furthermore, even if appellant is not entitled to relief under Heggs, the denial of the instant motion should be without prejudice to appellant's seeking to withdraw his plea as involuntarily entered based on the unconstitutional 1995 guidelines. See Mortimer v. State, 770 So.2d 743, 745 (Fla. 4th DCA 2000) (affirming summary denial of motion to correct sentence because it was not an illegal sentence, as it was within the 1994 sentencing guidelines range and was imposed pursuant to a plea agreement which did not clearly demonstrate that the parties and judge intended the sentence to be the lowest permissible guidelines sentence, but without prejudice to the defendant's challenging the voluntary and intelligent character of his plea by post-conviction proceedings); Murphy v. State, 773 So.2d 1174, 1175 (Fla. 2d DCA 2000).
Accordingly, we affirm in part and reverse in part and remand for further proceedings consistent with this opinion.
KLEIN, SHAHOOD and GROSS, JJ., concur.