780 So.2d 319 (2001)
Cedrick HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3784.
District Court of Appeal of Florida, Fourth District.
March 21, 2001.
Cedrick Henderson, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Cedrick Henderson, appeals from an order summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Henderson alleged that he was sentenced to nine years in prison as a habitual felony offender pursuant to a negotiated plea to receive a habitual offender sentence within his sentencing guidelines range of 66 to 110 months. Appellant sought to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000) (sustaining a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, based on violation of the single subject rule), alleging that his sentence exceeds the guidelines range which *320 would be produced by the 1994 sentencing guidelines.
The State concedes that the order denying Appellant's sworn motion should be reversed for the trial court to reconsider it pursuant to rule 3.850. We agree and reverse.
If on remand the trial court determines that Appellant is entitled to relief under Heggs, then the State must be given the option of proceeding to trial on the original charges or having Appellant resentenced under the 1994 sentencing guidelines. See Jones v. State, 781 So.2d 447 (Fla. 4th DCA 2001); Vareia v. State, 777 So.2d 1168(Fla. 3d DCA 2001) (on motion for clarification); Buckingham v. State, 771 So.2d 1206 (Fla. 2d DCA 2000); Spacco v. State, 762 So.2d 597 (Fla. 5th DCA 2000).
Reversed and remanded for further proceedings consistent with this opinion.
DELL, STEVENSON and HAZOURI, JJ., concur.