PER CURIAM.
Appellant challenges the trial court’s summary denial of his rule 3.800 motion to correct illegal sentence alleging an illegal sentence under Heggs v. State, 759 So.2d 620 (Fla.2000). We reverse and remand for (1) the attachment of portions of the record that conclusively show that the Appellant is not entitled to relief, see Jones v. State, 766 So.2d 1083 (Fla. 4th DCA 2000), appeal after remand, 781 So.2d 447 (Fla. 4th DCA 2001), or (2) for a determination that he is entitled to resentencing. If the trial court grants relief on remand, then, since Appellant’s sentence was the result of a plea, the State has the option of agreeing to a guidelines sentence under the 1994 guidelines, or withdrawing from the plea bargain and taking appellant to *1269 trial. See Buckingham v. State, 771 So.2d 1206 (Fla. 2d DCA 2000); Spacco v. State, 762 So.2d 597 (Fla. 5th DCA 2000).
WARNER, C.J., GUNTHER and HAZOURI, JJ., concur.