787 So.2d 834 (2001)
Salim Kamau LATIIF, Petitioner,
v.
STATE of Florida, Respondent.
No. SC93385.
Supreme Court of Florida.
June 7, 2001.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Kellie A. Nielan and Wesley Heidt, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
*835 PARIENTE, J.
We have for review the decision in Latiif v. State, 711 So.2d 241, 242 (Fla. 5th DCA 1998), for which the Fifth District Court of Appeal cited as controlling authority its opinion in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla. 2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).

FACTS
Salim Kamau Latiif was charged with trafficking in cocaine, a first-degree felony, and possession of drug paraphernalia, a first-degree misdemeanor. Pursuant to a plea agreement under which Latiif entered a guilty plea, the State amended the information to reduce the first-degree felony charge of trafficking in cocaine to a second-degree felonypossession of cocaine with intent to sell. In exchange for the guilty plea, the State also agreed to recommend a guideline sentence. The sentencing guideline scoresheet indicated an appropriate sentence of 24 to 40 months' incarceration. Latiif was sentenced to 40 months' imprisonment, which was the maximum under the 1995 guidelines, and he appealed his sentence to the Fifth District Court of Appeal.
On appeal, Latiif argued that in completing his sentencing guideline scoresheet, the trial court erred in calculating the score for his prior record. See Latiif, 711 So.2d at 241. Upon the authority of its opinion in Maddox, the Fifth District concluded that the issue was not preserved for appeal. See id. at 242. Latiif sought review in this Court based on the fact that Maddox was then pending before this Court.
While Latiif awaited this Court's resolution in his case regarding the Maddox issue, this Court issued its opinion in Heggs v. State, 759 So.2d 620 (Fla.2000), in which we held chapter 95-184 to be unconstitutional as violative of the single subject requirement of article III, section 6 of the Florida Constitution. Thereafter, the Court granted Latiif's request to file a supplemental brief seeking relief on the basis that fundamental error occurred because the sentence Latiif received under the unconstitutional 1995 guidelines exceeded the maximum permissible sentence under the 1994 guidelines. We now address both the Maddox and Heggs issues.[1]

THE MADDOX ISSUE
We previously discussed Latif's claim of scoresheet error in our Maddox opinion:
[I]n assessing whether a scoresheet error that appears on the face of the record constitutes fundamental error, the appellate court should consider the qualitative effect of the error on the sentencing process and whether the error was likely to cause a quantitative effect on the defendant's sentence. If this cannot be determined readily on appeal, the scoresheet errors are more appropriately *836 addressed in the trial court. On appeal to this Court, the parties have not adequately briefed the merits of the actual alleged errors in ... Latiif.

Maddox v. State, 760 So.2d 89, 103 (Fla. 2000). Accordingly, we determined that the merits of the alleged scoresheet error was not adequately briefed and should be remanded. See id.

THE HEGGS ISSUE
Although we intended to remand this case based upon the Maddox issue, we must now also address how the Heggs issue affects Latiif's claims. In Trapp v. State, 760 So.2d 924, 928 (Fla.2000), this Court identified the window period for challenges to chapter 95-184, Laws of Florida, as between October 1, 1995, and May 24, 1997. Latiif's crime, which occurred on December 7, 1995, falls within the window period. Latiif also has alleged that his sentence imposed under the 1995 guidelines could not have been imposed under the 1994 guidelines absent a departure. Importantly, the State does not dispute that the 1994 guidelines would provide for a lower maximum permissible sentence to Latiif than the 1995 guidelines provided.
Generally, the relief granted to those entitled to it under Heggs is automatic resentencing under the guidelines in effect prior to the 1995 guidelines. See Trapp, 760 So.2d at 928; Heggs, 759 So.2d at 630. In this case, however, the State argues that because it reduced the main offense from a first-degree felony to the lesser included second-degree felony, there should be no automatic resentencing. In particular, the State contends that the plea agreement included the fact that the State would recommend a guideline sentence, and that recommendation came with the State's understanding that the 1995 sentencing guidelines would provide the appropriate sentencing range. Thus, the State argues that it should be given the opportunity to vacate the judgment and sentence and reinstate the original charges.
This Court has not yet addressed the issue of whether there is an automatic resentencing in a Heggs remand if the original sentence is a product of a negotiated plea agreement that included a guidelines sentence. Nonetheless, since the issuance of Heggs, the Fifth District has addressed this specific situation and has determined that under these circumstances, the remedy is not an automatic resentencing; instead, the State has the option on remand of proceeding to trial on the original charges or electing to have the defendant resentenced under the 1994 guidelines. See Parker v. State, 767 So.2d 532 (Fla. 5th DCA 2000); see also Capio v. State, 765 So.2d 853 (Fla. 5th DCA 2000) (holding that in a Heggs claim, if the State made any sort of concession in return for the plea, the State would have the option of withdrawing from the plea agreement and taking the defendant to trial on the original charges).
For example, in Parker, the defendant challenged his sentences for aggravated child abuse and child abuse, on the ground that they were unconstitutional because the Crime Control Act of 1995 was unconstitutional. Parker had received his sentences pursuant to a plea bargain, for which the State had dropped an additional count of aggravated child abuse. See id. at 533. The trial court summarily denied relief, but the Fifth District reversed, explaining that in Heggs, we found the Crime Control Act of 1995 to be unconstitutional. See id. Thus, the Fifth District reversed in order to allow the trial court to review the record and determine if the plea agreement contemplated that Parker would receive a guidelines sentence. See id. at *837 533-34. After reviewing the Heggs issue, the Fifth District stated:
A further complication arises in this case because the sentence received was imposed as part of a plea process, part of the quid pro quo, for which the state dropped an additional count of aggravated child abuse. Thus, the remedy in this case is not an automatic resentencing.
Id. at 533. Accordingly, the Fifth District determined that upon remand, if the trial court determined that guidelines considerations were part of the plea agreement, then "the state shall have the option of taking Parker to trial on all of the original charges, or resentencing him under the guidelines." Id. at 534.
The Second, Third, and Fourth Districts have all followed suit. See Henderson v. State, 780 So.2d 319, 320 (Fla. 4th DCA 2001) (holding that where appellant entered into a negotiated plea to a sentence within the guidelines range, that "[i]f on remand the trial court determines that Appellant is entitled to relief under Heggs, then the State must be given the option of proceeding to trial on the original charges or having Appellant resentenced under the 1994 sentencing guidelines"); Vareia v. State, 777 So.2d 1168, 1168-69 (Fla. 3d DCA 2001) (remanding so trial court could determine if Vareia entered a negotiated plea to an indefinite sentence that exceeded the 1994 guidelines, and if she did, then "the State on remand shall have the option of agreeing to a guidelines sentence under the 1994 guidelines, or withdrawing from the plea bargain and taking Vareia to trial"); Buckingham v. State, 771 So.2d 1206, 1209 (Fla. 2d DCA 2000) ("On remand, since appellant's sentence was the result of a negotiated plea [to a guidelines sentence], the State shall have the option of agreeing to a bottom of the guidelines sentence under the 1994 guidelines, or withdrawing from the plea bargain and taking appellant to trial.").
We agree with the holdings of these district courts. In so doing, we adopt the rationale recently advanced by the Second District in Sidell v. State, 787 So.2d 139 (Fla. 2d DCA 2001):
[The appellant] would be entitled to Heggs relief because his sentence constitutes a departure under the 1994 guidelines. This relief is not automatic, however, because the State gave up something as part of the plea agreement. "If the plea agreement is not binding upon the defendant, then it is not binding upon the state." Jolly v. State, 392 So.2d 54, 56 (Fla. 5th DCA 1981).
The sentence imposed upon Latiif utilizing the 1995 guidelines was part of a quid pro quo, in which Latiif bargained with the State for the reduction of one of the charges against himspecifically, the reduction of the trafficking in cocaine charge, a first-degree felony, to possession with intent to sell, a second-degree felony. Cf. Trotter v. State, 774 So.2d 924, 925 (Fla. 5th DCA 2001) (stating that although appellant was entitled to Heggs relief, the State was not entitled to withdraw the plea and proceed to trial with reinstatement of the original charge because case did not involve a negotiated plea, but instead involved a "straight-up guilty plea to the only charge contained in the information"). Based upon these facts, we find that upon remand, the State should be given the option of proceeding to trial on the original charges or having Latiif resentenced under the 1994 guidelines.[2] Accordingly, we remand this case for proceedings consistent with this opinion.
It is so ordered.
*838 WELLS, C.J., and SHAW, HARDING, ANSTEAD, LEWIS and QUINCE, JJ., concur.
NOTES
[1] We address the Heggs issue here because Latiif's case falls within the window period described in Maddox. Cf. Harvey v. State, 786 So.2d 28 (Fla. 1st DCA 2001) (certifying for this Court's review the question, "Whether an appellant in the First District Court of Appeal, who could have availed himself of the procedural mechanism of the most recent amendments to Florida Rule of Criminal Procedure 3.800(b) set forth in Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999), had an obligation to raise his single subject challenge to the 1995 sentencing guidelines in the trial court, despite the existence of adverse precedent in Trapp v. State, 736 So.2d 736 (Fla. 1st DCA 1999), in order to later obtain appellate relief based on Heggs v. State, 759 So.2d 620 (Fla.2000)?").
[2] The resolution of this issue may moot the Maddox scoresheet issue.