786 So.2d 1242 (2001)
James LATALIAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4303.
District Court of Appeal of Florida, Fourth District.
June 13, 2001.
*1243 James Latalian, Old Town, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant pled no contest to committing a lewd act in the presence of a child on or about January 1, 1995 to January 14, 1996, and was sentenced to 21 months in prison followed by five years of probation. In 1996, he admitted violating his probation by committing another lewd, lascivious or indecent act. The court used the 1995 version of the sentencing guidelines, which showed a minimum of 53.8 months in prison and a maximum of 89.7 months. Appellant was sentenced to 54 months in prison. The court noted on the scoresheet that this was a "guideline sentence low end of the guidelines."
In July 2000, appellant filed a petition for writ of habeas corpus, arguing that his sentence was based on a scoresheet which had since been invalidated by the supreme court in Heggs v. State, 759 So.2d 620 (Fla.2000).[1] As a result, appellant sought immediate release. The trial judge ordered the Department of Corrections to prepare a new scoresheet using the 1994 version of the sentencing guidelines. Under the new scoresheet, appellant's sentence range was between 31.3 and 52.2 months.
The state conceded that the 54 month sentence which appellant had received on the violation exceeded the maximum sentence under the new scoresheet, which was 52.2 months in prison. The court granted appellant's motion to correct the illegal sentence, finding that appellant was entitled to relief under Heggs, and ordered a new sentencing hearing. Appellant was re-sentenced to 52 months in prison for the violation of probation. This appeal follows.
Appellant argues here that in 1996 he entered into the plea agreement on the condition that his sentence be, as the trial judge noted on the scoresheet, at the low end of the sentencing guidelines. He maintains, therefore, that, in re-sentencing him for the violation of probation, the trial court should have given him a "low-end" sentence, i.e., a sentence closer to 31.3 months than 52 months.
The state agrees that, if appellant entered a plea agreement to his violation of probation for a low-end sentence, the case should be remanded to either allow the state to agree to the new "bottom of the guidelines" sentence, or withdraw from the plea agreement and take appellant to trial. See Buckingham v. State, 771 So.2d 1206 (Fla. 2d DCA 2000). We agree that this is the better course. Thus, we vacate appellant's sentence, and remand this cause for *1244 further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Such a claim must be raised in a sworn postconviction motion filed under Florida Rule of Criminal Procedure 3.850. See Jenkins v. State, 771 So.2d 37 (Fla. 4th DCA 2000). We hold that the state waived that requirement by allowing this case to proceed to resentencing without objection.