ALTENBERND, Judge.
Ernest J. Nash appeals the trial court’s order summarily denying his motion for postconviction relief from his plea and sentence, filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
Mr. Nash allegedly committed his offense during the period affected by Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court initially placed him on probation. After a violation of probation, he was placed on community control. Upon violation of community control, on April 6, 2000, the trial court sentenced him to 110 months’ imprisonment. Mr. Nash alleges *554 under oath that he entered into a plea agreement in April 2000 for a sentence at the low end of the guidelines. He claims that the low end of the guidelines on a proper 1994 scoresheet would be in the range of 75 months’ imprisonment.
The trial court denied this motion without attaching any documents to its order. The trial court reasoned that Mr. Nash had filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), which had been denied, and that a Heggs issue could not thereafter be raised in a motion filed pursuant to rule 3.850.
The claim raised by Mr. Nash includes a factual issue that cannot be readily resolved in a proceeding under rule 3.800(a). Moreover, the claim may require that either Mr. Nash or the State withdraw from the plea agreement. See Latiif v. State, 787 So.2d 834 (Fla.2001); Buckingham v. State, 771 So.2d 1206 (Fla. 2d DCA 2000). His motion alleges a facially sufficient basis for relief under rule 3.850 that must be further addressed by the trial court.
Reversed and remanded for further proceedings.
PARKER, A.C.J., and CASANUEVA, J., Concur.