796 So.2d 562 (2001)
Anwar McCRAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1926.
District Court of Appeal of Florida, Third District.
August 8, 2001.
Rehearing Denied October 17, 2001.
Anwar McCray, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Anwar McCray appeals an order denying his motion for postconviction relief. We affirm.
Defendant-appellant McCray entered into a plea bargain for a downward departure sentence of fourteen years. This was slightly below the 1995 sentencing guidelines. Subsequently the sentence was reduced to ten years.
Defendant alleges, and we assume for present purposes, that he is within the window period for Heggs v. State, 759 So.2d 620 (Fla.2000). It appears that the defendant's 1994 guidelines are 6.4 to 10.8 years.
Defendant argues that since his bargained sentence was a downward departure from the 1995 guidelines, it follows that after Heggs, he should receive a downward departure from the 1994 guidelines. We rejected that argument in Mullins v. State, 773 So.2d 1240 (Fla. 3d DCA 2000); see also Vareia v. State, 777 So.2d 1168 (Fla. 3d DCA 2001) (cited with approval in Latiif v. State, 787 So.2d 834, 836 (Fla.2001)); Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000), rev. denied, No. SC00-1810, 791 So.2d 1096 (Fla. June 4, 2001).
Defendant contends that he is entitled to relief under Buckingham v. State, 771 So.2d 1206 (Fla. 2d DCA 2000) (cited with approval in Latiif v. State, 787 So.2d at 837), but that case apparently involved an *563 explicit agreement for a sentence at the bottom of the sentencing guidelines. The present case does not involve an agreement for guideline sentencing but on the contrary, was for a specific term of years.
Affirmed.