ON REMAND FROM THE SUPREME COURT
PALMER, J.
Salim Kamau Latiif appealed his sentences which were imposed by the trial court after he pled guilty to the charges of possession of cocaine with intent to sell and possession of drug paraphernalia. We affirmed his sentences, ruling that his claim that the trial court had erred in calculating his sentencing guideline score-sheet was not preserved for appellate review. See Latiif v. State, 711 So.2d 241 (Fla. 5th DCA 1998). Mr. Latiif thereafter sought review in the Supreme Court and, while his appeal was pending, he was granted permission to raise an additional claim of sentencing error under Heggs v. State, 759 So.2d 620 (Fla.2000). In addressing the Heggs claim, the Supreme Court ruled that Mr. Latiifs judgments and sentences must be vacated, and the matter remanded to the trial court so that the State can be given the option of either proceeding to trial on the original charges or permitting Mr. Latiif to maintain his plea of guilty and be re-sentenced under the 1994 sentencing guidelines. See Latiif v. State, 787 So.2d 884 (Fla.2001). It should be noted that, regardless of which option the State decides to pursue, Mr. Latiifs additional claim of scoresheet error will become moot because, under either scenario, he will be entitled to receive a new sentencing proceeding, and thus a new scoresheet will be prepared. See St. Lawrence v. State, 785 So.2d 728 (Fla. 5th DCA 2001).
JUDGMENTS and SENTENCES VACATED; CAUSE REMANDED.
HARRIS and ORFINGER, R.B., JJ., concur.