PER CURIAM.
Appellant, Barbara Winfrey, appeals from an order summarily denying, except as to one ground, her motion for post-conviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand as to the first and fourth grounds of appellant’s motion, and affirm the summary denial of the balance without further discussion.
Appellant entered a plea of nolo conten-dere to one count of DUI manslaughter, alleged to have occurred on October 7, 1995, and received a downward departure sentence of one year in county jail, followed by ten years of probation.[1] Thereafter, she admitted violating probation, her *1042 probation was revoked, and on December 1, 1999, nunc pro tunc to November 29, 1999, she was sentenced on count I to eleven years in prison, followed by four years of probation.
In the instant motion for post-conviction relief, appellant sought to “challenge the voluntary and intelligent nature of her plea, to vacate and set aside or correct sentence.” In the first ground of her motion for post-conviction relief, she alleged miscalculation of her sentencing guidelines scoresheet, which she claimed entitled her to resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000) (sustaining a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, based on violation of the single subject rule). She also argued in that ground that she would not have entered “a plea of nolo contendere” had she known that her score-sheet was incorrect and as a result, her plea should not be considered voluntary. When she entered her plea, she alleged she was misadvised that her minimum guidelines sentence was 132 prison months and consequently she “entered a negotiated plea that was at the lower end of the guideline sentencing range”; however, her range under a recomputed 1994 scoresheet would be 80 to 132.5 state prison months (so that her eleven-year sentence was at the top of the actual guidelines, not the bottom). She asked to be resentenced under the 1994 guidelines at the low end of the range.
Appellant’s fourth ground emphasized the involuntary nature of her plea. She again stated that her “negotiated plea was at the lower end of the permissible guideline,” suggesting that her sentence would have been shorter if she had been given the correct number of points. Finally, she stated that, “had she known what her correct scoresheet total was, she would not [have] pled to the score given her under the 1995 guidelines.” She cited Buckingham v. State, 771 So.2d 1206 (Fla. 2d DCA 2000), where the sentence was as a result of a negotiated plea to a bottom of the guidelines sentence, the bottom of the 1994 guidelines was 19.2 months lower, and the court ruled that the state had the option of agreeing to a sentence at the bottom of the 1994 guidelines or withdrawing from the plea and taking the defendant to trial.
The state’s response included the calculations that appellant scored a minimum sentence of 132 months (eleven years) on the 1995 scoresheet, but only 80 months (six years and eight months) on the 1994 scoresheet. However, it asserted that appellant “pled to a departure sentence” of one year in jail, followed by community control and probation; because her sentence was a significant downward departure under either set of guidelines, she was not entitled to relief. The trial court made the same assumption in its order of denial, that the plea appellant sought to vacate was the original nolo contendere plea to the offenses, and concluded that she was not entitled to relief.
The trial court attached to its order a transcript of the November 29, 1999, hearing in which appellant admitted violation of probation, and it was clear that she was doing so only on condition that the trial court accept the agreement for sentencing at the low end of the guidelines, and if it did not, then the parties would proceed to a hearing. Throughout the hearing, appellant’s admission was referred to as a plea.
As alleged, appellant’s offense was committed within the window period announced in Trapp v. State, 760 So.2d 924 (Fla.2000) (holding that those persons with standing to challenge their sentences under Heggs were those whose offenses were committed on or after October 1, 1995, and before May 24, 1997). Her initial brief confirms that the “plea” to which she referred in her motion was her admission of the violation of her probation, not her ini *1043 tial nolo contendere plea: “Defendant entered her plea and admitted violating her probation for a sentence at the low end of the guidelines and jail time credit.”
This court recently applied Buckingham in the context of a plea to the violation of probation. In Latalian v. State, 786 So.2d 1242 (Fla. 4th DCA 2001), which this court’s order to show cause directed the parties to address, the defendant admitted the violation of probation, his 1995 sentencing range was 53.8 to 89.7 months, and he was sentenced to 54 months, with the court noting on the scoreshéet that the sentence was a “low end of the guidelines” sentence. Id. at 1243. Thereafter, he sought relief under Heggs, the new score-sheet showed a range of 31.3 to 52.2 months, and the court granted the defendant’s motion and sentenced him to 52 months. The defendant appealed, arguing that he entered his plea on condition that the sentence be at the low end of the guidelines; therefore, in resentencing him, the trial court should have given him a sentence closer to 31.3 months. On the state’s concession that the case should be remanded for the state to agree to a new bottom of the guidelines sentence or to withdraw from the plea agreement and take the defendant to trial, this court agreed, vacated the sentence, and remanded for further proceedings.
It seems peculiar that both the state and the trial court interpreted appellant’s request for resentencing to apply to a sentence she is no longer serving rather than to the sentence she currently is serving. While it is clear that appellant is not entitled to automatic resentencing under Heggs,[2] the facts she alleged stated a sufficient claim for the withdrawal of her admission to the violation of probation as being involuntary because it was based on a mistaken understanding that she was agreeing to a bottom of the guidelines sentence. See Latalian, 786 So.2d at 1243.
Accordingly, we reverse and remand for an evidentiary hearing or further attachments refuting that claim. If the trial court determines that appellant is entitled to relief on this claim, then the state will have the option of either agreeing to a new sentence or withdrawing from the plea agreement and proceeding to a violation of probation hearing.
Affirmed in part, reversed in part and remanded.
STEVENSON, GROSS and TAYLOR, JJ., concur.

. She also pled nolo contendere to a second count, driving while license suspended, and was sentenced to one year in county jail, concurrent to the sentence for count I. Presumably that sentence has been fully served and is no longer at issue.

. For one thing, her current sentence is within the 1994 guidelines. See Heggs, 759 So.2d at 627 ("if a person’s sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here”). For another, her sentence was imposed pursuant to a negotiated plea agreement and does not exceed the statutory maximum. "When a negotiated plea agreement is not conditioned upon the imposition of a sentence within a specific guideline range, improper scoring of the defendant’s scoresheet will not render the plea illegal unless the sentence exceeds the statutory maximum.” Dunenas v. Moore, 762 So.2d 1007, 1008 (Fla. 3d DCA 2000), review denied, 791 So.2d 1096 (Fla.2001).