PER CURIAM.
The appellant challenges the trial court’s order summarily denying his postconvic *956 tion motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court failed to attach portions of the record conclusively refuting the appellant’s claim, we reverse.
The appellant was convicted of several offenses, the most severe being DUI manslaughter, a second-degree felony punishable by up to fifteen years of imprisonment. §§ 316.193(3)(c)3., 775.082(3)(c), Fla. Stat. (1995). The trial court imposed 189.4 months of incarceration followed by ten years of probation, resulting in a cumulative sentence of 309.4 months, a sentence well in excess of the statutory maximum. The appellant filed the instant motion alleging his sentence is illegal in that it exceeds both the statutory maximum and the maximum sentence reflected on his 1994 guidelines scoresheet. The trial court denied the appellant’s claim, attaching a 1995 guidelines scoresheet, which reflected a maximum permissible sentence of 315.7 months.
Our review of the record reveals that the appellant is entitled to relief. Because his current offense was committed on May 6, 1996, the 1994, rather than the 1995, guidelines scoresheet controls his sentence. See Heggs v. State, 759 So.2d 620 (Fla.2000); Trapp v. State, 760 So.2d 924 (Fla.2000). Thus, it appears that the appellant has raised a facially sufficient claim for relief.
Accordingly, we reverse the trial court’s order denying the appellant’s claim and remand for the trial court to either grant relief or attach portions of the record conclusively refuting the appellant’s claim.
REVERSED and REMANDED.
BARFIELD, DAVIS and BENTON, JJ., concur.