917 So.2d 962 (2005)
Carl CARPENTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-4913.
District Court of Appeal of Florida, First District.
December 22, 2005.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant filed a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging that his sentence for DUI manslaughter is illegal because *963 he committed his offense within the period which entitles him to resentencing under the 1994 guidelines, and his sentence exceeded the guidelines maximum, as well as the statutory maximum. This Court found his claim to be facially sufficient and determined that his sentence was "well in excess of the statutory maximum." Carpenter v. State, 870 So.2d 955, 955 (Fla. 1st DCA 2004). On remand, the trial court disagreed with our ruling that the appellant's sentence exceeded the statutory maximum and denied relief. Because the appellant's sentence could not be imposed under a 1994 scoresheet, we reverse and remand for resentencing.
Pursuant to an open plea[1] to a guidelines sentence, the appellant was convicted of several offenses, the most severe being DUI manslaughter, a second-degree felony punishable by up to fifteen years of imprisonment. §§ 316.193(3)(c) 3., 775.082(3)(c), Fla. Stat. (1995). The trial court imposed 189.4 months of incarceration followed by 120 months of probation, resulting in a cumulative sentence of 309.4 months, a sentence well in excess of the statutory maximum.[2]
The trial court incorrectly ruled that the appellant was not entitled to resentencing based on its finding that his prison sentence could have been imposed under the 1994 guidelines and his sentence did not exceed the statutory maximum. To the contrary, Heggs v. State, 759 So.2d 620 (Fla.2000), and its progeny require resentencing when the offender committed his or her offense in the applicable window, was sentenced to a guidelines sentence, and the sentence imposed under the 1995 guidelines could not have been imposed under the 1994 guidelines without a departure. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000); Heggs, 759 So.2d at 627-28; Bell v. State, 795 So.2d 1140, 1141 (Fla. 1st DCA 2001). In the instant case, the state and the trial court concede that the appellant has standing because he committed his offense on May 6, 1996, during the window period. The state and the trial court also agree that the appellant entered an open plea to a guidelines sentence. However, the trial court incorrectly ruled that the appellant's sentence to 189.4 months' prison followed by 120 months' probation, a sentence clearly in excess of the statutory maximum, could be imposed (without a departure) on a 1994 scoresheet. Because the guidelines total of 202.75 months exceeds the statutory maximum of 180 months, the guidelines cap the cumulative sentence, including both prison and probation. § 921.001(5), Fla. Stat. (1995); Fla. R.Crim. P. 3.702(d)(19); Mays v. State, 717 So.2d 515, 516 (Fla.1998).
Accordingly, we reverse the trial court's order denying the appellant's claim and remand for resentencing pursuant to a properly calculated 1994 scoresheet and consistent with this opinion. We decline to address issues raised by the appellant for the first time on appeal.
REVERSED AND REMANDED with directions.
WEBSTER, BROWNING and POLSTON, JJ., concur.
NOTES
[1] On remand, the trial court held a hearing and the parties presented argument. In its order, the trial court found that the appellant entered an open plea to a guidelines sentence. A trial court's findings of fact are reviewed for an abuse of discretion, see Stephens v. State, 748 So.2d 1028, 1034-35 (Fla.1999), and this Court holds that the trial court did not abuse its discretion.
[2] The appellant's cumulative sentence of 309.4 months was within his 1995 guidelines range.