ROTHENBERG, Judge.
The defendant, Clarence Mays (“Mays”), appeals from the trial court’s denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). As we find no merit to his claims, we affirm.
On September 25, 1990, based upon a negotiated plea, Mays pled guilty to one count of robbery with a deadly weapon and was sentenced to forty years incarceration with a fifteen-year minimum mandatory as a habitual violent felony offender (“HVFO”). In the motion which is the subject of the instant appeal, Mays argues that (1) his sentence is illegal as the statute relied upon to enhance his sentence was declared unconstitutional as violative of the single-subject rule in 1993, and (2) there was insufficient evidence presented to establish that he qualified to be sentenced as a HVFO.
As to Mays first claim, we conclude that because Mays was sentenced pursuant to a negotiated plea, the claim is in actuality an attack regarding the volun- *399 tariness of his plea which must be brought pursuant to Florida Rule of Criminal Procedure 3.850 as a motion to vacate his sentence. See McCray v. State, 796 So.2d 562, 562-63 (Fla. 3d DCA 2001); Hall v. State, 789 So.2d 1052, 1052 (Fla. 5th DCA 2001). However, because more than two years have passed since Mays’ conviction became final, he is procedurally barred from raising a motion pursuant to Florida Rule of Criminal Procedure 3.850. Additionally, we conclude that, even if we were to rule that the claim was properly before this court, we would affirm because Mays’ sentence as a HVFO is not affected by the amendment to section 775.084, Florida Statutes, contained in Chapter 89-280. See Tims v. State, 592 So.2d 741, 741 (Fla. 1st DCA 1992)(holding that a defendant whose prior offenses were committed within the “window” period described in Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), lacks standing to challenge the constitutionality of Chapter 89-280 if his/her prior offenses are such that he/she would qualify as a HVFO under the 1988 version of the statute). The prior felony convictions relied upon by the court when it accepted Mays’ negotiated plea and imposed an enhanced sentence pursuant to section 775.084 were two robberies committed on separate dates in 1985 and charged in two separate cases. Because robbery is an enumerated qualifying prior felony conviction contained in section 775.084, Florida Statutes, amended by Chapter 88-131, and Mays could have been habitualized without the amendment affected by Chapter 89-280, his motion was properly denied.
Mays asserts in his second claim that there was insufficient evidence to establish that he qualified to be sentenced as a HVFO. We conclude that this claim was properly denied by the trial court as Mays was (1) convicted on August 19, 1985, for two separate robberies and sentenced to five and one-half years incarceration with a three-year minimum mandatory sentence. As these convictions occurred within five years of the instant offense, which was committed on March 18, 1990, and the prior convictions are qualifying offenses for purpose of enhancement under section 775.084, Florida Statutes, the trial court correctly denied this claim.
Affirmed.