PER CURIAM.
Angel Rosado appeals the summary denial of his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court ruled that Rosado’s motion was untimely because it violated the two-year time limit of Florida Rule of Criminal Procedure 3.850(b).[1] We disagree and conclude *624 that the motion was filed timely.
Rosado filed his rule 3.850 motion on 13 March 1995. In his motion, he alleged that the date of judgment was 6 September 1991. He also alleged that he appealed the judgment and that this court affirmed on 12 March 1993. Rosado’s recitation of the actions taken and the dates is accurate. Moreover, Rosado’s appeal did not become final until 31 March 1993 when the mandate was issued.
The law in Florida is that a 3.850 motion filed within two years of the issuance of a mandate is timely filed. Bailey v. State, 640 So.2d 1173 (Fla. 2d DCA 1994). Since Rosado’s motion was filed on 13 March 1995, he is within the two-year time limit of Florida Rule of Criminal Procedure 3.850(b). Accordingly, we reverse and remand to afford the trial court an opportunity to pass upon the merits of Rosado’s rule 3.850 motion.
REVERSED and REMANDED.
DAUKSCH, COBB and THOMPSON, JJ., concur.

. Rule 3.850(b) provides:
A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case....
Fla.R.Crim.P. 3.850(b).