771 So.2d 37 (2000)
Dean Allen JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2138.
District Court of Appeal of Florida, Fourth District.
September 27, 2000.
*38 Dean Allen Jenkins, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Dean Allen Jenkins (Appellant) appeals the summary denial of his rule 3.800(a) motion to correct illegal sentence. The state conceded below that his offenses were committed within the window period for raising a challenge to a sentence imposed pursuant to the 1995 sentencing guidelines enacted by chapter 95-184, Laws of Florida, which the supreme court found unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000), see Trapp v. State, 760 So.2d 924 (Fla.2000). The state asserts, however, that Appellant is not entitled to relief because he was sentenced as a habitual violent felony offender. See § 775.084(4)(g), Fla. Stat. (Supp.1996) (providing that a sentence imposed under the habitual offender provisions is not subject to section 921.001, the statute concerning sentencing guidelines). Appellant contends that he is entitled to resentencing, or to be allowed to withdraw his plea, because he alleges that his guilty plea was entered pursuant to a negotiated agreement in which he agreed to receive a mid-guidelines sentence as a habitual offender.
The proper vehicle for raising such a claim is a motion for postconviction relief under rule 3.850. See Lancaster v. State, 764 So.2d 835 (Fla. 5th DCA 2000) (reversing and directing trial court on remand to treat defendant's sworn rule 3.800(a) motion as motion under rule 3.850, and providing that if defendant is able to prove entitlement to mid guidelines sentence, then state must be given opportunity either to go to trial or agree to defendant's resentencing under 1994 scoresheet); see also Spacco v. State, 762 So.2d 597 (Fla. 5th DCA 2000) (reversing order denying rule 3.850 motion and providing, because sentence was result of negotiated plea, that state has option on remand of agreeing to sentence under 1994 guidelines or withdrawing from plea bargain and taking defendant to trial); Parker v. State, 767 So.2d 532 (Fla. 5th DCA 2000) (reversing denial of postconviction motion and instructing trial court on remand to determine from the record whether the plea agreement contemplated the defendant's receiving a guidelines sentence, and if it did to allow state option of taking defendant to trial or agreeing to resentencing); Kleppinger v. State, 760 So.2d 1045 (Fla. 2d DCA 2000) (affirming Anders appeal where plea was entered utilizing 1995 sentencing scoresheet, but noting that defendant might be entitled to challenge voluntary and intelligent nature of his plea by filing rule 3.850 motion).
Appellant's rule 3.800(a) motion was not sworn. Accordingly, we affirm the summary denial of his motion without prejudice to his filing a timely sworn rule 3.850 motion raising the same ground for relief. Appellant should have two years from the issuance of the supreme court's opinion in Heggs in which to do so, as the facts on which his claim is predicated could not have been known earlier. See Fla. R.Crim. P. 3.850(b)(1). But see McMahon v. State, 25 Fla. L. Weekly D1852, ___ So.2d ___, 2000 WL 1062343 (Fla. 2d DCA Aug.4, 2000) (noting that two-year *39 time limit of rule 3.850 expired during proceeding).
POLEN, KLEIN and TAYLOR, JJ., concur.