795 So.2d 258 (2001)
Samuel A. COPPOLA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2360.
District Court of Appeal of Florida, Fifth District.
September 28, 2001.
*259 Loren D. Rhoton of Rhoton & Hayman, P.A., Tampa, for Appellee.
No Appearance for Appellee.
PALMER, J.
Samuel Coppola appeals the denial of his rule 3.850 motion, claiming that he is entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000).[1] The trial court denied relief, finding that Coppola's motion was untimely in that it was filed more than two years after Coppola's sentence became final and, in the alternative, because Coppola's plea was for a specific term of years, not for a guidelines sentence. We affirm.
A determination of the timeliness of Coppola's motion is dependent upon our determination as to whether the decision in Heggs is to be applied retroactively. A conflict exists among the district courts, with the First District holding that Heggs should not be applied retroactively (and, accordingly, a motion is untimely if filed more than two years after defendant's sentence becomes final), while the Second and Fourth Districts hold that Heggs is to be applied retroactively (and, accordingly, a motion based on Heggs is timely if filed less than two years after the date of that decision). Concluding that the reasoning of the First District is both logical and persuasive, we adopt that reasoning and hold that Heggs does not meet the requisite standard to be applied retroactively and, accordingly, a Heggs challenge is untimely if filed more than two years after a defendant's sentence becomes final.
Florida Rule of Criminal Procedure 3.850(b) requires a motion to vacate, set aside, or correct sentence to be filed within two years after the judgment and sentence become final unless (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or (2) the fundamental constitutional right being asserted was not established within the time period provided for and has been held to apply retroactively.
Although both the Fourth District in Jenkins v. State, 771 So.2d 37 (Fla. 4th DCA 2000), and the Second District Court in Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000)(en banc), held (without detailed analysis) that the Supreme Court's opinion in Heggs was an unknown fact on which a defendant's claim was predicated, we agree with the conclusion of the First District in Regan v. State, 787 So.2d 265 (Fla. 1st DCA May 2001) that the Heggs decision is not a newly discovered fact as that term is used in rule 3.850(b)(1) "because the rule contemplates a fact in the sense of evidence which is anything which tends to prove or disprove a material fact."
Therefore, Coppola's motion is untimely unless we find that the decision in Heggs established a fundamental constitutional right which is to be applied retroactively. In Regan, the First District thoroughly and logically set forth the reasoning which leads to the conclusion that Heggs is not be applied retroactively. As set forth in Regan, Heggs does not meet the standard of a change of law which is of sufficient magnitude to require retroactive application as ascertained by the three-part test of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) and Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).
*260 The first prong of the Stovall/Linkletter test, the purpose to be served by the new rule, does not support retroactivity. As pointed out in Regan, the purpose of the rule in Heggs was not to correct any fundamental sentencing unfairness or to correct a problem with the guidelines, but rather to uphold the single subject rule which prevents the legislature from passing multiple laws under one title that have no logical connection to one another. Regan, 787 So.2d at 268. Thus, the effect that the rule in Heggs has on sentencing is only a coincidental byproduct of the single subject violation. The second prong of the test, the extent of reliance by the courts on the old rule, is applicable where an existing rule of law is changed or reversed. Id. at 269. However, this prong is not applicable here because Heggs did not replace an old rule with a new rule, but "merely prevented use of the 1995 guidelines during a two-year window, and only for those defendants who were adversely affected." The third prong, the possible adverse effect that retroactive application of the rule will have on the administration of justice and decisional finality, also does not support retroactivity. Retroactive application would require Florida courts to readdress a significant number of criminal cases that have already become final, which is not outweighed by the concern of fairness and uniformity in individual cases.[2]
AFFIRMED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.850(b).
[2] Even if Coppola's claim was deemed to be timely filed, he would not be entitled to receive Heggs relief because, as the trial court found, Coppola was not sentenced pursuant to a guidelines sentence, but rather, pursuant to a negotiated plea for a specific sentence. See Parker v. State, 767 So.2d 532 (Fla. 5th DCA 2000).