805 So.2d 987 (2001)
Peyton HONEYCUTT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2559.
District Court of Appeal of Florida, Fourth District.
December 5, 2001.
Peyton Honeycutt, Monticello, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Peyton E. Honeycutt appeals the trial court's order summarily denying his motion for postconviction relief from his plea and sentence, filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings, and certify conflict with the first and fifth district with respect to the timeliness of appellant's claim. Coppola v. State, 795 So.2d 258 (Fla. 5th DCA 2001); Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001).
Honeycutt committed his offense during the period affected by Heggs v. State, 759 So.2d 620 (Fla.2000). He alleges under oath that he entered into a plea agreement for a specific term which was a minimum guidelines sentence. Honeycutt alleges that the low end of the guidelines on a proper 1994 scoresheet would be in the range of 68.5 months, instead of the 96 months imposed.
The trial court denied Honeycutt's motion as untimely finding that it was filed more than two years after appellant's sentence became final. As outlined by the fifth district in Coppola v. State, 795 So.2d 258 (Fla. 5th DCA 2001), there is conflict among the districts as to whether Heggs is to be applied retroactively. This court has held that a motion based on Heggs is timely if filed less than two years after the date of that decision. See Jenkins v. State, 771 So.2d 37 (Fla. 4th DCA 2000); see also Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc). But see Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001); Coppola, 795 So.2d at 259.
As Honeycutt's claim is timely, we remand for further proceedings. Honeycutt alleged that he was sentenced to the bottom of the guidelines in accordance with his plea agreement. No portions of the record were provided to refute appellant's allegations. If Honeycutt's plea was conditioned on him receiving a bottom of the *988 guidelines sentence, the state can either agree to the new "bottom of the guidelines" sentence, or withdraw from the plea agreement and take Honeycutt to trial. See Latiif v. State, 787 So.2d 834 (Fla. 2001); Latalian v. State, 786 So.2d 1242 (Fla. 4th DCA 2001); Buckingham v. State, 771 So.2d 1206 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings.
STONE, FARMER and SHAHOOD, JJ., concur.