805 So.2d 1042 (2002)
Tyrone Rafael COX, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3071.
District Court of Appeal of Florida, Fourth District.
January 9, 2002.
*1043 Tyrone Rafael Cox, Cocoa, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Tyrone Rafael Cox appeals the summary denial of his motion for postconviction relief as time-barred, and as successive to a prior motion for postconviction relief and a prior motion to correct an illegal sentence. We reverse.
Appellant entered nolo contendere pleas in three cases in return for sentences which were downward departure sentences from the 1995 sentencing guidelines, but which were within the sentencing range under the 1994 version of the guidelines. His prior rule 3.800(a) motion sought resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000) (sustaining a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, based on violation of the single subject rule), alleging that all offenses were committed after October 1, 1995, and before May 24, 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000) (holding that those persons with standing to challenge their sentence under Heggs were those whose offenses were committed within that time frame). As all his sentences were within the 1994 guidelines, the trial court summarily denied relief, and this court affirmed, but without prejudice to Appellant's filing a timely sworn rule 3.850 motion challenging the voluntary and intelligent character of his plea. See Cox v. State, 779 So.2d 601 (Fla. 4th DCA 2001) (citing Mortimer v. State, 770 So.2d 743 (Fla. 4th DCA 2000)).
Appellant then filed the instant rule 3.850 motion in which he alleged that, had he known the guidelines in effect when he entered his plea were going to be declared unconstitutional, and had he known that the 1994 sentencing guidelines that should have been in effect were much lower, he would not have entered the negotiated plea that was offered to him. We read that motion, in view of its allegations and citations, as a request to withdraw the plea, not as another request for resentencing.[1] *1044 The trial court denied the motion as untimely (because the conviction and sentence in each case became final in 1996, and more than two years had since elapsed), and as successive (in that he filed a prior rule 3.850 motion in 1999 and a prior rule 3.800(a) motion seeking relief under Heggs).
We find the instant motion neither untimely nor successive. With respect to timeliness, this court has held that defendants should have two years from the issuance of the supreme court's opinion in Heggs in which to raise it in a rule 3.850 motion, as the facts on which the claim is predicated could not have been known earlier. See Honeycutt v. State, 805 So.2d 987 (Fla. 4th DCA 2001); Jenkins v. State, 771 So.2d 37, 38 (Fla. 4th DCA 2000). Accord Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000). See also Fla. R.Crim. P. 3.850(b)(1) (exception to two-year time limitation where "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence"). As we did in Honeycutt, we certify conflict with Coppola v. State, 795 So.2d 258 (Fla. 5th DCA 2001), and Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001).
We also find the motion is not successive. In Foster v. State, 614 So.2d 455, 458 (Fla.1992), the supreme court stated,
A successive motion may be dismissed if it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the failure to raise those issues in a prior motion constitutes an abuse of process. Fla. R.Crim.P. 3.850. To overcome this bar, a movant must allege that the grounds asserted were not known and could not have been known to him at the time of the earlier motion.
Obviously, the new grounds asserted in the instant motion were not and could not have been known at the time of the earlier motion. As for the prior rule 3.800(a) motion seeking Heggs relief, this court's opinion specifically stated that its affirmance was without prejudice to Appellant's filing a rule 3.850 motion challenging the voluntariness of his plea, which is precisely what he did.
Accordingly, we reverse and remand for the trial court to consider the motion on its merits.
GUNTHER, SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] Appellant clarifies in his initial brief to this court that that was always his intention.