PER CURIAM.
Freddie Campbell appeals an order in which the trial court summarily denied his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
In his motion, the appellant raises four claims. We conclude that the files and records attached to the trial court’s order fail to conclusively refute two of his claims. Therefore, we reverse the order as to those claims and remand for the trial court to conduct an evidentiary hearing on them.
Campbell was charged with racketeering (first-degree felony); conspiracy to commit *198 racketeering; organized fraud; twenty counts of grand theft; two counts of uttering a forged instrument; and one count of petit theft. These offenses occurred from March 28,1996, to March 18,1998.
Campbell entered a written plea agreement. His sentencing guidelines called for a sentence ranging from 121.35 months, to 202.25 months. He entered guilty pleas to all of the charged offenses and agreed to be sentenced as a habitual offender. Further, it appears that Campbell agreed to 8.9 years in Florida State Prison, followed by 7 years of habitual offender probation.
Campbell argued in the trial court that he is entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). He claimed that it was agreed that he would be sentenced below the guidelines. The 1995 guidelines used as to his sentence were rendered unconstitutional in Heggs. In turn, he proposed a 1994 sentencing guideline for which the minimum sentence was lower than that on the 1995 guideline, and claimed that he should be resentenced to a below guidelines sentence under the 1994 guidelines calculation.
This claim is cognizable in a motion for post-conviction relief under rule 8.850. See Jenkins v. State, 771 So.2d 37, 38 (Fla. 4th DCA 2000) (holding that an allegation that the plea was pursuant to a negotiated agreement to receive mid-guidelines sentence as a habitual offender should be raised in rule 3.850 motion). Because Campbell’s claim is not refuted by the record attachments, the summary denial is reversed and remanded for an evidentiary hearing on this matter.
As to his final claim, because the state concedes that Campbell should be resen-tenced on his third-degree felonies, on remand, he should be resentenced accordingly. As to the other two issues raised on appeal, we affirm.
STONE, WARNER, and SHAHOOD, JJ., concur.