824 So.2d 202 (2002)
Adam CARVELLO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-702.
District Court of Appeal of Florida, Fourth District.
June 26, 2002.
Adam Carvello, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Adam Carvello, challenges the summary denial of his 3.850 motion for postconviction relief. Carvello pled no contest to manslaughter with a firearm, shooting into a vehicle, and discharging a firearm from a vehicle. Although the offenses were committed in October 1996, Carvello was originally sentenced to 7 years incarceration followed by 4 years probation under the 1998 guidelines. Thereafter, Carvello filed a 3.800 motion to correct illegal sentence, citing Heggs v. State, 759 So.2d 620 (Fla.2000). When the State responded that Carvello's sentence fell within the 1994 guidelines as well, this court affirmed. See Carvello v. State, 769 So.2d 384 (Fla. 4th DCA 2000).
*203 Carvello has now filed a 3.850 motion again seeking relief from his sentence. Carvello asserts that the basis for his agreement to enter into the pleas was the imposition of a downward departure sentence. According to Carvello, the sentence imposed is not a downward departure under the relevant 1994 guidelines and, thus, his pleas have been rendered involuntary following Heggs. This is a facially sufficient claim for postconviction relief. See Honeycutt v. State, 805 So.2d 987 (Fla. 4th DCA 2001); Enchautequi v. State, 782 So.2d 459 (Fla. 2d DCA 2001).
With respect to timeliness of the motion, this court has held that defendants have two years from the issuance of the Heggs opinion in which to raise a claim in a 3.850 motion, as the facts on which the claim is predicated could not have been known earlier. See Honeycutt, 805 So.2d at 987; Jenkins v. State, 771 So.2d 37, 38 (Fla. 4th DCA 2000); Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000)(en banc); see also Fla. R.Crim. P. 3.850(b)(1) (exception to two-year time limitation where "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence"). As we did in Honeycutt, we certify conflict with Coppola v. State, 795 So.2d 258 (Fla. 5th DCA 2001), and Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001).
The trial court summarily denied relief based on the State's response and attachment of appellant's plea colloquy and related documents. However, the attachments do not conclusively refute appellant's claim that he did not receive the benefit of his bargain, or that his pleas were based on an understanding that his sentences would be downward departure sentences.
Accordingly, we reverse and remand for further proceedings, either an evidentiary hearing or record attachments refuting appellant's claims. If appellant's pleas were based on his understanding that he would receive a downward departure sentence, then he will be entitled to withdraw his pleas. The State can either agree to a new downward departure sentence, or withdraw from the plea agreement and appellant can proceed to trial. See Honeycutt, 805 So.2d at 988 (citing Latiif v. State, 787 So.2d 834 (Fla.2001)).
REVERSED and REMANDED.
GUNTHER, KLEIN and STEVENSON, JJ., concur.