PLEUS, J.
The appellant, Jofre Warren Miller, filed a 3.850 motion, raising a Heggs [Heggs v. State, 759 So.2d 620 (Fla.2000) ] issue, which the trial court treated as a 3.800(a) motion and denied relief. We affirm.
On May 5, 1997, Miller was adjudicated guilty of second degree murder, a first degree felony, and was sentenced to 22 years incarceration. He was sentenced using a 1995 sentencing guidelines score-sheet, which provided a sentencing range of 20.8-34.6 years incarceration. Miller did not appeal his judgment and sentence.
In Heggs, the supreme court held that the 1995 amendments to the sentencing guidelines were unconstitutional when enacted, because the legislation violated the single-subject rule of the state constitution. Miller, in raising his Heggs issue, should have brought it within two years of the date his judgment and sentence became final. See Coppola v. State, 795 So.2d 258 (Fla. 5th DCA 2001) (holding that Heggs did not establish a fundamental constitutional right to be applied retroactively, so Heggs post-conviction claims must be raised within two years of when judgment and sentence became final). Under Coppola, Miller should have filed this 3.850 motion by June 5, 1999.[1] The instant motion was not filed until February 6, 2002. The trial court should not have treated the 3.850 motion as a 3.800(a) motion, as Rule 3.800(a) cannot be used to circumvent this court’s holding in Coppola. The trial court should have simply denied the Rule 3.850 motion as untimely.
The trial court denied relief on the merits. The trial court prepared a new score-sheet using the 1994 sentencing guidelines, and determined that the sentencing range under the corrected scoresheet was 13.3 years to 22.17 years. Therefore, Miller’s sentence of 22 years was appropriate under the 1994 guidelines and did not constitute a departure sentence.[2] Applying the “tipsy coachman” rule, the order denying relief is affirmed, as the trial court properly denied relief, but not for the correct reason. Coppola is on point, and should have been applied to find that the Rule 3.850 motion was untimely.
AFFIRMED.
THOMPSON, C.J., concurs.
SAWAYA, J., concurs in result only.

. When there is no appeal, the two-year limitation period under Rule 3.850 begins to run 30 days after sentencing.

. The supreme court in Heggs stated that the only persons entitled to relief under their holding would be those whose sentences under the unconstitutional 1995 sentencing guidelines would constitute a departure under the constitutional 1994 guidelines. Heggs, 759 So.2d at 627.