829 So.2d 355 (2002)
Lenair HENRIQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2906.
District Court of Appeal of Florida, Fifth District.
November 1, 2002.
*356 Lenair Henriquez, East Palatka, pro se.
No Appearance for Appellee.
SHARP, W., J.
Henriquez appeals from a summary denial of his motion filed pursuant to Florida Rule of Criminal procedure 3.850. The trial court denied his motion because it was untimely. We affirm.
On July 24, 1997, Henriquez pled no contest in six criminal cases and was sentenced to concurrent prison terms totaling nine years. He did not appeal.
He claims in this motion that his plea was involuntary because he thought he pled in exchange for a downward departure sentence under the 1995 guidelines. However, since the 1995 guidelines were unconstitutional and he should have been sentenced under the 1994 guidelines, Henriquez did not get the benefit of his bargain because his sentences were not downward departures under the 1994 guidelines.
We have held that Heggs v. State, 759 So.2d 620 (Fla.2000) does not apply retroactively, and thus a challenge under Heggs based on the unconstitutionality of the 1995 guidelines is untimely if filed more than two years after a sentence becomes final. Coppola v. State, 795 So.2d 258 (Fla. 5th DCA 2001). See also Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001).
The fourth district in Jenkins v. State, 771 So.2d 37 (Fla. 4th DCA 2000) and the second district in Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) hold that Heggs applies retroactively. Both district courts require that a motion be filed within two years of when Heggs was decided. Heggs was decided on February 17, 2000 and rehearing was denied on July 10, 2000. The motion in this case was filed, at the earliest, on August 11, 2002. Thus it is untimely under either view of Heggs.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.