PER CURIAM.
Appellant, Harry Gregg, appeals from an order summarily denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial without further discussion as to the third ground for relief, but we reverse and remand as to the first and second grounds of appellant’s motion.
On June 23, 2000, appellant entered a negotiated plea to one count of lewd, lascivious, or indecent act, for an offense committed on October 1, 1996, and was sentenced, pursuant to his agreement, to sixty months in prison followed by thirty-six months of sex offender probation. The first two grounds of his rule 3.850 motion were (1) ineffective assistance of counsel in utilizing a rule 3.991(a) sentencing guidelines scoresheet, which showed a guidelines range of 87 to 145 months, instead of a rule 3.990(a) scoresheet, in light of Heggs v. State, 759 So.2d 620 (Fla.2000)(sustaining a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, based on violation of the single subject rule); and (2) involuntary plea, in that appellant was advised that his permitted sentencing was 87 to 145 months pursuant to the unconstitutional scoresheet, instead of a permitted sentencing range of 46.5 to 79.5 months pursuant to a proper scoresheet, which precluded him from making a decision as to whether it was in his best interest to enter a nolo contendere plea or proceed to jury trial, and but for which he would not have entered his plea but would have proceeded to trial.[1]
Appellant’s offense was committed within the window period announced in Trapp v. State, 760 So.2d 924 (Fla.2000)(holding that those persons with standing to challenge their sentences under Heggs were those whose offenses were committed on or after October 1, 1995, and before May 24,1997).
While it is clear that appellant is not entitled to automatic resentencing under Heggs,[2] the facts he alleged did state a sufficient claim for the withdrawal of his plea on the grounds that it was involuntary because it was based on a mistaken understanding that he was receiving a downward departure sentence. See Carvello v. State, 824 So.2d 202 (Fla. 4th DCA 2002)(revers-ing order summarily denying rule 3.850 motion seeking relief from sentence, asserting that basis for plea agreement was imposition of downward departure sentence; however, sentence imposed was not a downward departure under the relevant 1994 guidelines, but fell within 1994 guidelines).
On this point, we certify conflict with Foster v. State, 794 So.2d 731 (Fla. 3d DCA 2001)(denying motion for postconviction relief claiming plea was involuntary where movant alleged he would not have entered plea but would have gone to trial if he had been given a correctly calculated *796 1994 scoresheet because his sentence could have been imposed pursuant to the 1994 guidelines); and Booker v. State, 771 So.2d 1187 (Fla. 1st DCA 2000)(holding relief is precluded under Heggs where challenged sentence could have been imposed under the 1994 guidelines and appellant alleged that unconstitutional 1995 guidelines rendered plea involuntary), review dismissed, 804 So.2d 328 (Fla.2001). We note that the Second District has certified conflict with Booker in Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000)(affirming denial of motion for resentencing to bottom of 1994 guidelines, where plea was for sentencing at bottom of 1995 guidelines and prison sentence received under 1995 guidelines was within 1994 guidelines, but providing that affirmance was without prejudice to appellant’s filing rule 3.850 motion challenging voluntary and intelligent nature of his plea).
The State attempts to distinguish Car-vello in that Carvello did not include an assertion of ineffective assistance of counsel, which appellant has included here. Appellant alleges that counsel should have been aware of Heggs at the time he entered his plea, on June 23, 2000, as the Heggs opinion was issued on February 17, 2000. The State maintains that counsel was not ineffective because Heggs was not final until the supreme court denied rehearing on July 10, 2000, after the entry of appellant’s plea, and because there was no demonstration that counsel’s omission prejudiced appellant as there was no reasonable likelihood that the State would have agreed to a departure sentence below the 1994 guidelines. That is not the point; prejudice is sufficiently alleged if appellant states that he would not have entered the plea and given up his right to trial had he known the correct sentencing guidelines range.
As appellant has alleged a facially sufficient basis for the withdrawal of his plea, we reverse and remand for an evidentiary hearing or further attachments refuting the first two grounds of his motion. Should the trial court determine that appellant is entitled to relief, the State will have the option of either agreeing to a new sentence or withdrawing from the plea agreement.
AFFIRMED in part, REVERSED in part and REMANDED.
POLEN, C.J., STONE and STEVENSON, JJ., concur.

. Appellant’s second ground also includes the allegation that he was not advised that his statutory maximum was only fifteen years. We agree with the State that the transcript of the plea and sentencing hearing sufficiently refutes that allegation.

. First, his current sentence is within the 1994 guidelines. See Heggs, 759 So.2d at 627 (stating that "if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be enti-tied to relief under our decision here”). Second, his sentence was imposed pursuant to a negotiated plea agreement and does not exceed the statutory maximum. See Dunenas v. Moore, 762 So.2d 1007, 1008 (Fla. 3d DCA 2000)("When a negotiated plea agreement is not conditioned upon the imposition of a sentence within a specific guideline range, improper scoring of the defendant's scoresheet will not render the plea illegal unless the sentence exceeds the statutory maximum.”), review denied, 791 So.2d 1096 (Fla.2001).