ON MOTION FOR REHEARING, CLARIFICATION, OR CERTIFICATION

PER CURIAM.
We grant Michael Szymanowski’s Motion for Rehearing, Clarification, or Certification of this Court’s opinion affirming the trial court’s summary denial of his Motion to Withdraw Plea. We withdraw our previous opinion and substitute this opinion in its place.
The State charged Appellant with two counts of attempted first degree murder of his ex-girlfriend and her boyfriend on August 17, 1996. Appellant entered a negotiated plea of nolo contendere to both counts on October 5, 1998 and received twelve years imprisonment followed by ten years probation under the 1995 sentencing guidelines.
After the 1995 guidelines were declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000), Appellant filed a 3.800(a) motion to correct illegal sentence alleging that his twelve year sentence, which was a mid-guidelines sentence, exceeded the 1994 sentencing guidelines. The trial court granted his motion and upon re-sentencing, Appellant sought to withdraw his plea after the State requested a 137.5 month sentence, the maximum sentence allowable under the 1994 guidelines. Appellant argued that since he had received a mid-guidelines sentence of twelve years under the 1995 guidelines, he should therefore be re-sentenced to a mid-guidelines sentence of 110 months under the 1994 guidelines rather than the maximum sentence under the 1994 guidelines. The trial court would not consider counsel’s argument at the re-sentencing and instructed him to file a motion to withdraw plea after re-sentencing. The trial court then imposed a 137.5 month sentence with three year mandatory minimum, followed by ten years of probation.
Following re-sentencing, Appellant filed a rule 3.850 motion to withdraw plea and vacate sentence alleging his plea was not knowingly, voluntarily or intelligently made. He again argued that a mid-guide *139 lines sentence was initially negotiated with the State and therefore, he should be re-sentenced to a mid-guidelines sentence of 110 months imprisonment based on a range of 82.5 to 137.5 months rather than to the maximum. He also alleged a violation of the original plea agreement because the trial court imposed a three year mandatory minimum sentence, not part of his negotiated plea.
The trial court struck the three year minimum sentence but denied his motion to withdraw his plea. The trial court reviewed the plea colloquy transcript[1] and concluded Appellant’s negotiated plea was to a specific term of years rather than to a mid-guidelines sentence.
The burden lies with the State to show that a rule 3.850 motion should be denied either because it has no basis in law or because record attachments conclusively show that the movant is not entitled to relief. See Fla. R.Crim. P. 3.850(d). Here, we find the record attachment did not conclusively establish that Appellant was not entitled to relief given his allegations. The plea colloquy merely shows that the trial court informed him that he scored between nine and fifteen years and inquired whether he wanted to enter a plea and receive a twelve year sentence, a sentence we observe is a mid-guidelines sentence although not specifically so labeled in the record.
Notwithstanding the Florida Supreme Court’s determination in Heggs that a sentence imposed under the 1995 guidelines is not “illegal” if it does not exceed the 1994 sentencing guidelines without a departure, this Court has permitted defendants who have entered pleas during the Heggs window period to challenge the voluntary nature of their pleas pursuant to rule 3.850 provided they have alleged that a specific guidelines level sentence was negotiated and intended in exchange for their plea. See Honeycutt v. State, 805 So.2d 987 (Fla. 4th DCA 2001) (remanding for further proceedings where defendant alleged that he entered into a plea agreement for a minimum 1995 guidelines sentence); see also Latalian v. State, 786 So.2d 1242 (Fla. 4th DCA 2001) (vacating appellant’s sentence and remanding for further proceedings where appellant initially received a minimum 1995 guidelines sentence, but upon Heggs re-sentencing appellant received an almost identical sentence except it was at the top of the guidelines under the 1994 sentencing guidelines).
In this case, the State did not conclusively refute Appellant’s claim that he negotiated a mid-guidelines sentence. The plea transcript wherein the trial court merely confirmed Appellant’s acceptance of a twelve year sentence does not conclusively show that the Appellant negotiated for a specific term of years rather than a mid-guidelines sentence. Appellant, on the other hand, provided the trial court with a copy of the prosecutor’s hand-written note reflecting that one of the victims wanted him to receive a mid-guidelines sentence and that the prosecutor would *140 consider her desire. Since the prosecutor’s note indicated he would consider the victims’ desire and Appellant received, a sentence of twelve years imprisonment, which at the time of the initial sentencing was a mid-guidelines sentence, the parties may very well have negotiated and intended that Appellant receive a mid-guidelines sentence in exchange for his plea. Thus, the trial court should have either conducted an evidentiary hearing to determine whether Appellant entered his plea conditioned upon receiving a mid-guidelines sentence or attached other record support conclusively establishing that he agreed to a specific term of years and did not negotiate a specific guidelines level sentence.
Accordingly, we reverse and remand for either an evidentiary hearing or additional record support conclusively showing Appellant is not entitled to relief.
In the event the trial court determines that Appellant agreed to enter his plea in exchange for a mid-guidelines sentence, the trial court should either allow the State to agree to a “mid-guidelines” sentence pursuant to the 1994 sentencing guidelines, or allow the State to withdraw from the plea agreement and proceed to trial. See Honeycutt, 805 So.2d at 987-988 (citations omitted).
We again certify conflict with the First District’s decision in Booker v. State, 771 So.2d 1187 (Fla. 1st DCA 2000) (post-conviction relief alleging an involuntary plea is precluded under Heggs where the challenged sentence could have been imposed under the 1994 guidelines), review dismissed, 804 So.2d 328 (Fla.2001).
REVERSED AND REMANDED.
GUNTHER, STONE and KLEIN, JJ., concur.

. The relevant portion of the plea colloquy was as follows:
COURT: Where does the defendant fall in the sentencing guidelines?
STATE: He’s 109.65 months for the bottom, which is 9 years and 183.75 for the top, which is basically 15 years.
COURT: All right. And you concur with that assessment Mr. [Defense Counsel]?
DEFENSE: Judge, I've reviewed the score-sheet and I agree.
COURT: Twelve years is the guidelines sentence.
* * *
COURT: Well Mr. Szymanowski, do you at this time wish to enter pleas of no contest to each of these charges, attempted first degree murder, in exchange to be sentenced on each count to 12 years Florida State Prison with credit for time served?
DEFENDANT: Yes, sir.