ON RECONSIDERATION ON MANDATE FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.
The Supreme Court of Florida quashed this court’s previous opinion[1] and remanded for reconsideration in light of its decision in Banks v. State, 887 So.2d 1191 (Fla.2004).
In three different lower tribunal cases, pursuant to a negotiated plea, Tyrone Rafael Cox (Defendant) received sentences of either twenty or fifteen years, followed by terms of probation, for offenses committed after October 1, 1995, and before May 24, 1997 — sentences which constituted a downward departure from his 1995 sentencing guidelines scoresheet — which produced a sentencing range of 326.5 to 544.2 months (27.2 to 45.35 years). After the supreme court issued Heggs v. State, 759 So.2d 620 (Fla.2000) (sustaining a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, based on violation of the single subject rule), he sought to withdraw his plea because a scoresheet prepared under the 1994 guidelines would have produced a sentencing range of 161.5 to 269.2 months (13.5 to 22.4 years). He alleged he would not have entered the plea had he known the correct range.
The supreme court held in Banks that “Heggs imposes a bright-line test that precludes individuals from challenging their plea agreements when the sentences imposed pursuant to those agreements could have been imposed under the 1994 guidelines without a departure,” 887 So.2d at 1194. Taking into consideration the fact that Defendant’s sentences fell within the 1994 guidelines range, we now affirm the trial court’s summary denial of Defendant’s rule 3.850 motion for postconviction relief.
AFFIRMED.
GUNTHER, SHAHOOD and HAZOURI, JJ., concur.

. Cox v. State, 805 So.2d 1042 (Fla. 4th DCA 2002), quashed sub nom. State v. Shiva, 894 So.2d 923 (Fla.2005).