PER CURIAM.
This case returns to us by mandate from the Supreme Court, see State v. Honeycutt, 903 So.2d 901 (Fla.2005), to reconsider our decision in light of that court’s recent decision in Banks v. State, 887 So.2d 1191 (Fla.2004).
The trial court dismissed defendant’s rule 3.850 Heggs claim on the grounds that it was untimely, having been filed more than two years after his conviction became final. On appeal, we reversed that holding. Honeycutt v. State, 805 So.2d 987 (Fla. 4th DCA 2001). Specifically, we held that a Heggs claim is timely if filed within two years of the Heggs decision. See also Jenkins v. State, 771 So.2d 37 (Fla. 4th DCA 2000). We recognized conflict with the First and Fifth districts on the timeliness issue. Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001); and Coppola v. State, 795 So.2d 258 (Fla. 5th DCA 2001).
Upon reconsideration in light of Banks, we reverse and remand to the trial court for an evidentiary hearing to determine whether the plea agreement was for a sentence “at the lower end of the guidelines”. or instead a sentence for a specific term. Alternatively the trial court may simply attach record documents settling that issue conclusively.
STONE and SHAHOOD, JJ., concur.
FARMER, J., concurs specially with opinion.