LAWSON, J.
Frederick Lister appeals the summary-denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to the first two grounds raised in Lister’s 3.850 motion, but are required to reverse as to the remaining ground because the trial court did not attach to its order one of the documents from the record relied upon in denying relief.
The trial court correctly denied two of Lister’s claims as facially invalid. First, Lister claimed that the trial court had erred in granting his pro se motion to withdraw pleas without holding an eviden-tiary hearing to test the veracity of his written allegations. Lister had been placed on probation for the charge of unlawful sexual activity with a minor when he was arrested for selling cocaine within 1000 feet of a school and possession of cocaine with intent to sell or deliver. On the day of his scheduled violation of probation hearing, Lister entered pleas in both cases, agreeing to four-year concurrent prison terms. Sentencing was deferred so that Lister could “visit with his family” before being sent to prison.
Prior to sentencing, however, Lister filed a pro se motion with the court claiming that his appointed counsel had coerced him into entering the pleas, and moved to withdraw them. The trial court granted Lister’s motion without a hearing. The first case was rescheduled for a violation of probation hearing. The second was set for trial. At the violation hearing, the court found a violation, revoked Lister’s previous term of probation and sentenced him to fifteen years in state prison. On appeal, the judgment and sentence were affirmed per curiam. Lister v. State, 861 So.2d 1171 (Fla. 5th DCA 2003) (table). Lister then pled guilty to the two cocaine charges, agreeing to a three-year prison term on each (concurrent with one another, but consecutive to the fifteen-year sentence previously imposed).
As the trial court correctly concluded, its decision to simply accept the allegations in Lister’s motion to withdraw plea, and grant the motion without hearing, was well within the court’s discretion. Lister cannot now complain when he was granted the relief he sought. E.g., Arsenault v. Thomas, 104 So.2d 120, 122 (Fla. 3d DCA 1958) (noting “where a litigant requests and receives a favorable ruling, he cannot later ... be heard to complain of the actions of the trial judge in acceding to his requests”).
Next, Lister argues that the lawyer appointed to represent him after withdrawal of his pleas was ineffective for “failing to insure” that Lister’s probation violation hearing was held after any trial or plea on his new law violations to “protect ... [him] from possible consecutive sentencing.” This claim was also properly denied as facially invalid. The trial court’s discretion to impose consecutive sentences was in no way dependant upon the order in which the cases were resolved. Additionally, a defendant has no right to insist that his cases be heard in any particular order. Rather, these are matters within the sound discretion of the trial court. See Fla. R. Jud. Admin. 2.085(b).
In his final ground for relief, Lister claimed that his original attorney was ineffective for failing to explain to him that he could receive up to fifteen years on the sex offense charge upon a finding that he violated his probation, or that he could receive additional time on the new offenses. Additionally, Lister claimed that counsel failed to explain to him the nature of a violation of probation hearing. According to Lister’s motion, if he had known these facts, he never would have filed the motion *403 to withdraw his plea. With respect to the potential penalties for the new offenses, Lister’s motion itself defeats his claim. In his motion, Lister states under oath that his attorney explained to him prior to plea that he could receive up to forty-five years on the new charges alone if he took the case to trial and lost. The trial court found that the additional allegations were conclusively refuted by the record, and attached a transcript of the original plea proceeding.
At the plea proceeding, counsel did a thorough job of explaining on the record the matters he had reviewed with Lister, including the nature of a violation of probation proceeding. Under oath, Lister then confirmed that he had fully discussed his case with his lawyer and that all of the representations made by counsel to that effect were true. Therefore, the trial court correctly concluded that the transcript of the hearing itself fully refuted Lister’s claim of ineffective assistance of counsel, except as to one point.
With respect to the potential penalty on the violation of probation case, the court concluded that although the maximum penalty was not expressly discussed at the hearing, it was set forth on the plea form tendered during the hearing. With respect to the plea form, Lister testified at the hearing as follows:
COURT: You signed this Waiver of Rights and Agreement to Enter a Plea form.
DEFENDANT: Yes, I did.
COURT: You read it before you signed it.
DEFENDANT: Yes.
COURT: And Mr. Nackle went through it with you line by line and explained to you all of the rights that you waived when you signed it.
DEFENDANT: Yes.
[[Image here]]
COURT: Is there anything about this agreement that you do not fully and completely understand?
DEFENDANT: No, sir.
Given this testimony, we agree with the trial court that if the fifteen-year maximum penalty for the unlawful sexual activity with a minor charge is set forth on the plea form, this would conclusively refute the remainder of Lister’s claim. However, the plea form was not attached to the trial court’s order, and is not otherwise part of the record on appeal. “To uphold the trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.” McLin v. State, 827 So.2d 948, 954 (Fla.2002) (quoting Foster v. Moore, 810 So.2d 910, 914 (Fla.2002)). For this reason, we must reverse as to this narrow issue. See, e.g., Robinson v. State, 909 So.2d 497, 498 (Fla. 5th DCA 2005) (noting “where the trial court fails to attach portions of the record which refute the defendant’s claims, the appellate court must accept the defendant’s factual allegations to the extent they are not refuted by the record filed on appeal”). On remand, the trial court may simply file an amended order that includes the additional attachment(s). Otherwise, the court is required to hold an evidentiary hearing on the narrow issue of whether Lister’s counsel explained to him that he faced up to fifteen years of incarceration on the violation of probation case.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
THOMPSON and SAWAYA, JJ., concur.