PER CURIAM.
We have for review Coppola v. State, 795 So.2d 258 (Fla. 5th DCA 2001), which expressly and directly conflicts with the decisions in Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000), and Jenkins v. State, 771 So.2d 37 (Fla. 4th DCA 2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We hold that our decision in Heggs v. State, 759 So.2d 620 (Fla.2000), does not constitute “newly discovered evidence” for purposes of Florida Rule of Criminal Procedure 3.850(b)(2); and because of his negotiated plea, we conclude that Coppola is barred from seeking relief under Heggs.
*508 FACTS AND PROCEDURAL HISTORY
Samuel A. Coppola was indicted for first-degree murder and conspiracy to commit murder for crimes that occurred on March 19, 1997. On July 27, 1998, Coppola pled guilty to second-degree murder and conspiracy to commit murder. He was sentenced to thirty-five years for the second-degree murder charge and thirty years for the conspiracy charge, with the sentences to run concurrently.
On June 27, 2000, Coppola filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). In this motion, Coppola alleged that his negotiated plea was for a sentence within the 1995 sentencing guidelines that were declared unconstitutional in Heggs. Coppola requested that he be resentenced under the correct guidelines. The trial court denied Coppola’s motion, and the Fifth District affirmed in a per curiam order without opinion but citing legal authority. See Coppola v. State, 771 So.2d 1177 (Fla. 5th DCA 2000) (table report of unpublished order).
On April 10, 2001, Coppola filed a pro se motion for postconviction relief pursuant to rule 8.850. In this motion, Coppola argued that his plea was not entered voluntarily because he entered the plea based on statements by his counsel that he would be sentenced “somewhere in the middle” of the 1995 sentencing guidelines. Coppola contended that his counsel showed him the sentencing guidelines scoresheet and explained where his points fell in relation to the sentence he would receive. Coppola alleged that he had little choice but to enter the plea because his sentence fell within the guidelines, but had he known that the guidelines were invalid, he would not have entered the plea. Based on these allegations, Coppola requested that the trial court vacate and set aside his judgment and sentence so that he could be resen-tenced under legal sentencing guidelines.
The trial court denied Coppola’s rule 3.850 motion, ruling that the motion was untimely. The trial court also ruled that Coppola’s claims were procedurally barred because the claims could have been raised on direct appeal. Finally, the trial court ruled that the record demonstrated that Coppola’s plea was voluntarily entered and was not conditional or dependent upon the guidelines.
Coppola filed a pro se motion for rehearing, arguing that he should have two years from the date of the Heggs decision to raise a Heggs challenge. He argued that his rule 3.850 motion was timely because the motion was filed within two years of Heggs. The trial court denied Coppola’s motion for rehearing.
Coppola appealed the trial court’s order to the Fifth District Court of Appeal. According to the Fifth District, “[a] determination of the timeliness of Coppola’s motion is dependent upon our determination as to whether the decision in Heggs is to be applied retroactively.” See Coppola, 795 So.2d at 259. The Fifth ■ District adopted the reasoning of the First District in Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001), and held that Heggs does not constitute newly discovered evidence and it does not apply retroactively. Coppola, 795 So.2d at 259-60. The Fifth District also noted that even if Coppola’s claim was timely filed, he would not be entitled to relief because he was not sentenced pursuant to a guidelines sentence, but was sentenced pursuant to a negotiated plea. See id. at 260 n. 2.
Coppola filed a notice to invoke the jurisdiction of this Court based on conflict between the decision below and Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000), and Jenkins v. State, 771 So.2d 37 (Fla. 4th DCA 2000). This Court entered an *509 order staying consideration of this case pending disposition of Banks v. State, 887 So.2d 1191 (Fla.2004). Thereafter, this Court accepted jurisdiction of the case.
ANALYSIS
In Heggs, we held that chapter 95-184, Laws of Florida, containing the sentencing guidelines and provisions addressing domestic violence injunctions, was unconstitutional because it violated the Florida Constitution’s single-subject rule. Heggs, 759 So.2d at 627; see also art. Ill, § 6, Fla. Const. Subsequent to our decision in Heggs, we explained which individuals would have standing to bring a challenge based on Heggs and defined the window period for challenging the constitutionality of the 1995 sentencing guidelines. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000) (holding that the window for relief under Heggs was limited to those who committed their offenses between October 1,1995, and May 24,1997).
In Latiif v. State, 787 So.2d 834 (Fla.2001), we explained that “[generally, the relief granted to those entitled to it under Heggs is automatic resentencing under the guidelines in effect prior to the 1995 guidelines.” Id. at 836. In Latiif, the defendant’s sentence was based on a plea that had been negotiated with the State. Id. at 835. The State dropped the main offense from a first-degree felony to a lesser included second-degree felony. Id. at 836. The defendant was sentenced pursuant to the 1995 sentencing guidelines and his sentence constituted an upward departure under the 1994 guidelines. Id. However, we concluded that the defendant was not entitled to automatic resentencing. Id. at 837. We held that in situations where the State has made a concession as part of the exchange for a negotiated plea, the State has the option of electing to have the defendant resentenced under the 1994 guidelines or proceeding to trial on the original charges. Id.
In Banks, we were again confronted with a defendant seeking relief pursuant to Heggs. In that case, we stated that “under Heggs, if a sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that defendant is not entitled to relief.” Banks, 887 So.2d at 1194. We concluded that because Banks’ sentence was valid under the 1994 guidelines, Banks had not raised a sufficient ground for postconviction relief. Id.
Currently, the district courts of appeal are in conflict concerning how to apply Heggs in specific circumstances. Initially, there is a conflict over whether the two-year time limit for filing a 3.850 motion requesting relief based on Heggs starts to run from the date that a defendant’s judgment and sentence became final or from the date that this Court released its Heggs decision. The Second and Fourth Districts have determined that individuals should be allowed to file Heggs-based claims within two years of the date of the Heggs decision “because the facts on which the claim is based could not have been known earlier.” Murphy, 773 So.2d at 1175; see also Jenkins, 771 So.2d at 38 (same as Murphy); Carvello v. State, 824 So.2d 202, 203 (Fla. 4th DCA 2002) (certifying conflict with Regan and Coppola), quashed sub nom. State v. Shiva, 894 So.2d 923 (Fla.2005). In contrast, the First and Fifth Districts have determined that our opinion in Heggs is not a “newly discovered fact” under rule 3.850(b)(1) because “the rule contemplates a fact in the sense of evidence which is anything which tends to prove or disprove a material fact”; and therefore, this exception to the two-year filing requirement does not apply to Wepps-based claims. Regan, 787 So.2d at 267; see also Coppola, 795 So.2d at 259 *510 (adopting the reasoning of Regan). Furthermore, the First and Fifth Districts have determined that Heggs should not be applied retroactively. See Regan, 787 So.2d at 268; Coppola, 795 So.2d at 260.
I. Newly Discovered Fact
Florida' Rule of Criminal Procedure 3.850 requires that a motion filed pursuant to this section must be filed within two years of the date that the conviction and sentence become final. This rule provides three exceptions to the two-year time limit, the first of which is relevant to the analysis in the instant case. Rule 3.850(b)(1) provides an exception to the two-year time limitation when “the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence.” As noted above, the district courts are divided as to whether the change of law created by the Heggs decision is a “fact” as contemplated by rule 3.850(b)(1).
In Regan, the First District held that the change of law announced in the Heggs decision was not a newly discovered fact under rule 3.850(b)(1) because the change in law was not a “fact” as contemplated by the rule. Regan, 787 So.2d at 267. Furthermore, the court noted that if the change of law announced in Heggs is “a ‘fact’ as contemplated by rule 3.850(b)(1), then it follows that every change in the law will also necessarily become a fact as per this rule, and will remove entirely any need to perform a Witt [v. State, 387 So.2d 922 (Fla.1980) ] analysis.” Regan, 787 So.2d at 267. The court concluded that the change of law announced in Heggs did not have a tendency to prove or disprove guilt or innocence, but only affected sentencing once guilt had been established. Id.
In contrast, the Fourth District has held that a defendant should have two years from the Heggs decision to file a rule 3.850 motion because “the facts on which his claim is predicated could not have been known earlier.” Jenkins, 771 So.2d at 38; see also Carvello 824 So.2d at 203 (stating defendants have two years from the issuance of Heggs to raise a claim in a 3.850 motion); Cox v. State, 805 So.2d 1042, 1044 (Fla. 4th DCA 2002) (holding the two-year limitations period for defendant’s motion for postconviction relief started to run when Heggs decision was issued), quashed sub nom. State v. Shiva, 894 So.2d 923 (Fla.2005). The Second District adopted the reasoning of Jenkins to hold that a defendant should have two years from the issuance of Heggs to file a claim. Murphy, 773 So.2d at 1175.
We conclude that the First District’s observation that every decision could be viewed as a fact, which would erase the need for an analysis pursuant to Witt, has merit. In examining the effect of changes in decisional law on final judgments under rule 3.850, this Court has consistently applied the Witt analysis to determine whether the decisional change in the law requires retroactive application.[1] *511 This Court has never examined whether a decisional change of law could constitute a newly discovered fact for purposes of rule 3.850(b)(1). See State v. Glenn, 558 So.2d 4, 6 (Fla.1990) (citing McCuiston v. State, 534 So.2d 1144, 1146 (Fla.1988)) (“[A]ny determination of whether a change in the law requires retroactive application should be decided upon traditional principles pertaining to changes in decisional law as set forth in Witt.”). Rather, this Court’s decisions have applied the stringent Witt standard to determine whether the decisional change in law was of such constitutional and fundamental significance that it required retroactive application. Further, the term “fact” refers to evidence that tends to prove or disprove guilt or innocence. See Jones v. State, 591 So.2d 911, 915 (Fla.1991) (holding that in order to be entitled to relief under rule 3.850, the defendant must proffer “newly discovered evidence [that is] of such nature that it would probably produce an acquittal on retrial”). Therefore, we hold that that our decision in Heggs is not a newly discovered fact under rule 3.850(b)(1).
II. The Plea Agreement
Coppola argues that because he received a guidelines sentence and not a sentence for a specific term of years, he is entitled to relief under Heggs. The trial court denied this claim in both Coppola’s rule 3.800 motion and his rule 3.850 motion. In its order denying defendant’s motion to correct illegal sentence dated August 21, 2000, the trial court stated that Coppola “is not entitled to have his sentence reduced pursuant to rule 3.800 motion because he pled guilty to a reduced charge and negotiated for the specific sentence of thirty five (35) years incarceration.” State v. Coppola, No. 97-274-CF (Fla. 5th Cir.Ct. Aug. 15, 2000), aff'd, 771 So.2d 1177 (Fla. 5th DCA 2000). In its order on defendant’s motion for postcon-viction relief, the trial court came to the same result on May 11, 2001, stating, “This Court has examined this issue before and found that the defendant’s plea was not conditional or applicable to guidelines. And the Court finds the same now.” The trial court denied Coppola’s 3.850 motion without an evidentiary hearing on this issue. On appeal, the Fifth District stated that Coppola “would not be entitled to receive Heggs relief because, as the trial court found, Coppola was not sentenced pursuant to a guidelines sentence, but rather, pursuant to a negotiated plea for a specific sentence.” Coppola, 795 So.2d at 260 n. 2 (citing Parker v. State, 767 So.2d 532 (Fla. 5th DCA 2000)). We agree.
In Latiif, we recognized that a guidelines sentence may be imposed pursuant to a negotiated plea. See 787 So.2d at 837. We noted that if a defendant is entitled to relief under Heggs, there are two possible remedies: (1) the inmate can be resen-tenced under lawful guidelines, or (2) the State can withdraw the plea and reinstate the charges. See id. However, the facts of the instant case are different from those in Latiif.
Here, Coppola did not negotiate a plea for a guidelines sentence. This is appar *512 ent because first-degree murder, the crime for which Coppola was originally charged, did not fall under the scope of the sentencing guidelines. Instead, it was a charge that carried a sentence of death or life imprisonment. See § 782.04(l)(b), Fla. Stat. (1997). Seeking to avoid the death penalty or life in prison, Coppola made an offer to the State that he would plead guilty to second-degree murder with the condition that he would be sentenced to only thirty-two years. The State made a counteroffer that Coppola would be sentenced to a term of thirty-five years. Coppola agreed and pled guilty to second-degree murder and conspiracy to commit murder. He received thirty-five years for the second-degree murder charge and thirty years for conspiracy, with the sentences running concurrently.
Furthermore, there is no evidence in the record to suggest that the sentencing guidelines were ever used in the proposal by Coppola or the counter-proposal by the State. In fact, the plea form states the exact amount of time, thirty-five years, to be served. Moreover, a review of the plea hearing transcript shows that the sentencing guidelines were never mentioned. As the trial court noted in its denial of Coppola’s motion for postconviction relief, although a copy of the sentencing guidelines form was included with the uniform commitment to custody document submitted to the Department of Corrections at the time of sentencing, this does not mean they were used during the plea negotiations. Instead, attaching the guidelines to the uniform commitment to custody document is a customary practice of the clerk’s office. Coppola alleges that he discussed the sentencing guidelines when he consulted with his attorney and that the plea agreement contained a recommended range for his sentence under the guidelines. While this may be true, this is insufficient to establish that Coppola received a guidelines sentence. Cf Latiif, 787 So.2d at 836-37 (finding that the defendant received a guidelines sentence because in the plea agreement the State agreed to recommend a guidelines sentence if the defendant agreed to plead guilty to a lesser charge). Unlike the factual scenario in La-tiif, the sentencing guidelines were not a part of the quid pro quo during the plea negotiations. Therefore, we find that the record affirmatively refutes Coppola’s claim and demonstrates that Coppola’s plea was for a specific term of years rather than a plea based upon the validity of the guidelines.
Because Coppola’s original charge of first-degree murder did not fall under the sentencing guidelines and because the record demonstrates that he pled for a specific term of years, we hold that Coppola is not entitled to any relief under Heggs.
CONCLUSION
We conclude that Heggs does not constitute a newly discovered fact for purposes of rule 3.850(b)(1); and Coppola is barred from seeking relief under Heggs because of his negotiated plea.
The decision of the district court of appeal affirming the denial of postconvietion relief is approved.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

. See, e.g., Hughes v. State, 901 So.2d 837, 846 (Fla.2005) (holding that the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does not apply retroactively under Witt); Johnson v. State, 904 So.2d 400, 412 (Fla.2005) (concluding that the United States Supreme Court’s decision in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), does not satisfy the Witt standard for retroactive application); State v. Klayman, 835 So.2d 248, 254 (Fla.2002) (deciding that the decision in Hayes v. State, 750 So.2d 1 (Fla.1999), applied retroactively under Witt analysis); Ferguson v. State, 789 So.2d 306, 312 (Fla.2001) (holding that the rule of law announced Carter v. State, 706 So.2d 873 (Fla.1997), applied retroactively *511 under Witt standard); State v. Stevens, 714 So.2d 347, 348 (Fla.1998) (determining that State v. Iacovone, 660 So.2d 1371 (Fla.1995), applied retroactively under Witt analysis); State v. Callaway, 658 So.2d 983, 987 (Fla.1995) (concluding that Hale v. State, 630 So.2d 521 (Fla.1993), satisfies the Witt standard for retroactive application), receded from on other grounds, Dixon v. State, 730 So.2d 265 (Fla.1999); State v. Glenn, 558 So.2d 4, 8 (Fla.1990) (holding that Carawan v. State, 515 So.2d 161 (Fla.1987), could not be retroactively applied under Witt standard); McCuiston v. State, 534 So.2d 1144, 1146 (Fla.1988) (deciding that Whitehead v. State, 498 So.2d 863 (Fla.1986), could not be retroactively applied under Witt standard).