IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHRISTOPHER BOATWRIGHT,

     Appellant,

v.                                Case No.  5D17-1849

STATE OF FLORIDA,

     Appellee.

_____/

Decision filed November 3, 2017

3.850 Appeal from the Circuit Court
for Orange County,
Dan Traver, Judge.

Christopher Boatwright, Raiford, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.


     AFFIRMED.


BERGER and EISNAUGLE, JJ., concur.
LAMBERT, J., concurs, with opinion.

I concur with the affirmance of the postconviction court's summary denial of Appellant's Florida Rule of Criminal Procedure 3.850 motion for postconviction relief because the lower court reached the right result, albeit for the wrong reason. Following a bench trial, Appellant was found to have willfully and materially violated his probation by committing a new criminal offense. The trial court revoked Appellant's probation and sentenced him to serve ten years in prison. Appellant timely moved for a new trial, and after his motion was denied, he appealed his judgment and sentence. Earlier this year, this court affirmed Appellant's judgment and sentence without opinion. *Boatwright v. State*, 222 So. 3d 1226 (Fla. 5th DCA 2017).

Approximately three months after the mandate issued on his direct appeal, Appellant filed the instant rule 3.850 motion, raising four grounds for relief. In summarily denying the motion, the postconviction court first acknowledged in its order that Appellant had appealed his judgment and sentence and that our court denied him relief in January of this year. However, the court then inconsistently wrote that because Appellant's postconviction claims were related to the violation of probation proceedings held on November 3, 2014, and since Appellant "did not appeal," Appellant's motion was untimely for not being filed within two years of the judgment and sentence becoming final as required by rule 3.850(b).

Appellant's motion was timely because it was filed within two years of this court's mandate on direct appeal. *See Hall v. State*, 86 So. 3d 590, 590 (Fla. 5th DCA 2012) (citing *Rosado v. State*, 654 So. 2d 623 (Fla. 5th DCA 1995)). Typically, we would reverse the order on appeal and remand for the lower court to consider the merits of the motion.

2

However, to do so here would serve no purpose because, based on our record, the summary denial of Appellant's motion is appropriate. *See Miller v. State*, 829 So. 2d 321, 322 (Fla. 5th DCA 2002) (affirming an order summarily denying a defendant's rule 3.850 motion under the "tipsy coachman" doctrine because the trial court properly denied relief, though not for the correct reason). Three of Appellant's four grounds for relief asserted in his motion are based on trial court error, which is not cognizable in a rule 3.850 motion for postconviction relief. *See Swanson v. State*, 984 So. 2d 629, 629 (Fla. 1st DCA 2008) (citing *Hodges v. State*, 885 So. 2d 338, 366 (Fla. 2004); *Gorham v. State*, 521 So. 2d 1067, 1070 (Fla. 1988)).

In his remaining claim, Appellant argues that his trial counsel was ineffective in failing to object or to otherwise preclude the trial court from proceeding with his violation of probation trial prior to the resolution of the separate case on the new criminal offense that constituted the violation of his probation. This claim is meritless. An attorney is not ineffective for failing to insure that a defendant's probation violation hearing is held after any trial or plea on his new law violations because a defendant has no right to insist that his cases be heard in any particular order. *Lister v. State*, 925 So. 2d 400, 402 (Fla. 5th DCA 2006). This is a matter within the sound discretion of the trial court. *Id.*